IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| GSL of ILL, LLC<br><br>    Plaintiff,<br><br>v.<br><br>CRAIG D. KROSKOB; LISA D. KROSKOB; KROSKOB FARMS, LLC; FREUND INVESTMENTS, LLC; DICK WOLFE AS STATE ENGINEER, COLORADO; DAVID NETTLES AS DIVISION 1 WATER ENGINEER; CAP FINANCIAL CV2, LLC; ROBERT A. SAGEL AS PUBLIC TRUSTEE OF MORGAN COUNTY, COLORADO,<br><br>    Defendants. | Civil Action No._____ |

---

**VERIFIED COMPLAINT FOR BREACH OF CONTRACT, JUDICIAL FORECLOSURE AND REPLEVIN**

---

Plaintiff GSL of ILL, LLC, by and through its attorneys, *LiPuma Law Associates, llc*, complains against Defendants as follows:

State of Illinois    )
                          ) ss.
Cook County      )

### PARTIES, JURISDICTION AND VENUE

1. GSL of ILL, LLC ("GSL") is an Illinois limited liability company with its principal office located at 4131 S. State Street, Chicago, IL 60609.

2. Craig D. Kroskob is an individual residing in Morgan County, Colorado.

3. Lisa D. Kroskob is an individual residing in Morgan County, Colorado.

4. Kroskob Farms, LLC is a delinquent Colorado limited liability company with its

1

principal office located at 11491 County Road 12, Fort Morgan, CO 80701.

5. Freund Investments, LLC is a Colorado limited liability company in good standing with its principal office located at 15460 E. Batavia Dr., Aurora, CO 80011.

6. Dick Wolfe is the Colorado Division of Water Resources State Engineer, 1313 Sherman Street, Suite 818, Denver, CO 80203.

7. David Nettles is the Colorado Division of Water Resources Division 1 Engineer, 810 9th Street, Suite 200, Greeley, CO 80631.

8. Cap Financial CV2, LLC is a Delaware limited liability company with its principal office located at 508 3rd St., Prinsburg, MN 56281 and its Colorado registered agent is Ringenberg, Funk & Beller, PC 215 West Oak St., 10th Floor, Fort Collins, CO 80521.

9. Robert A. Sagel is the Public Trustee of Morgan County, Colorado, 231 Ensign St., Fort Morgan, CO 80701.

10. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy is between citizens of different States and exceeds the sum of $75,000. Venue is appropriate pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events and property giving rise to these claims is situated within this judicial district.

## General Allegations

11. GSL provides financial products and services to individuals and businesses.

12. Craig D. and Lisa D. Kroskob are a married couple and are the sole owners of Kroskob Farms, LLC, an agricultural business. They are referred to jointly as "Kroskob" or "the Kroskobs."

13. On May 31, 2006, GSL agreed to provide financing for the Kroskob business in the amount of $500,000.00 using a finance lease/sale-leaseback arrangement, under a lease known as Lease 56541.

14. On May 25, 2006, in connection with Lease 56541, Kroskob and GSL executed a Bill of Sale for $500,000, conveying to GSL all of Kroskob's right, title and interest in certain farm equipment, identified and more fully described in Exhibit 1.

15. On the same day, Kroskob and GSL executed an Equipment Lease Agreement dated as of June 1, 2006 (Lease 56541) whereby Kroskob agreed to pay lease payments for the continued use of the equipment. Exhibit 2.

2

16. Pursuant to Lease 56541, the Kroskobs were obligated to pay $13,989 per month for 48 months. In the event of delinquent payments and other defaults, the Kroskobs agreed that the sums owed would be accelerated, and they agreed to pay interest, fees, costs, attorney fees, damages, liquidated damages and other sums. They also agreed to surrender and deliver the equipment to GSL.

17. Craig D. and Lisa D. Kroskob individually executed a Continuing Unconditional Guaranty on May 25, 2006, personally guarantying the lease payments under Lease 56541. Exhibit 3.

18. On March 30, 2007, Kroskob and GSL agreed to supplement the financing arrangements. GSL provided $350,000.00 to Kroskob between March 30 and April 19, 2007, including: $160,000 on March 30, 2008; $126,910.29 paid on behalf of the Kroskobs to their creditor, Deere & Co. (for which payment Deere assigned its security interest in Kroskob's equipment to GSL); $48,089.71 on April 19, 2007; and payment of $15,000 in legal and appraisal fees. This funding was provided pursuant to another finance lease/sale-leaseback arrangement known as Lease 57389.

19. In connection with Lease 57389, Kroskob conveyed additional equipment to GSL, including "all machinery, equipment and furniture and fixtures...utilized in or associated with the conduct or operation of the business of [Kroskob] at its premises in the State of Colorado or otherwise." Exhibit 4.

20. This second Equipment Lease Agreement 57389 required Kroskob to pay to GSL $5,000 per month for 24 months, plus four additional payments of $15,000. Like the first lease, in the event of delinquent payments and other defaults, the Kroskobs agreed that the sums owed would be accelerated, and they would be liable to pay interest, fees, costs, attorney fees, damages, liquidated damages and other sums. They also agreed to surrender and deliver the equipment to GSL. Exhibit 5.

21. Craig D. and Lisa D. Kroskob, individually, executed a second Continuing Unconditional Guaranty of Lease 57389. Exhibit 6.

22. Lease 56541 and Lease 57389 both are secured by a Mortgage, recorded in Morgan County, Colorado on April 6, 2007, at Reception No. 841905. Exhibit 7.

23. The Mortgage pledges as security for all lease payments real property located at 11491 County Road 12, Fort Morgan, CO 80701, and more specifically described as follows:

> The E ½ NW 1/4 of Section 17, Township 3 North, Range 58 West
> of the 6th P.M., Morgan County, Colorado, EXCEPT that portion
> dedicated as a County Road, more particularly described as
> follows: A parcel of land in the E1/2 of Section 17, Township 3

3

North, Range 58 West of the 6th P.M., Morgan County, Colorado described as commencing at a point on the South right of way line of County Road Q, 30.0 feet South and 190.0 feet West of the Northeast corner of said # ½ NW 1/4; thence N89°52'18"W 30.0 feet South of and parallel to the North line of said E ½ NW 1/4 along said County Road Q right of way line, 1143.2 feet, more or less to a point on the West line of said E ½ NW 1/4; thence South along said line 10.0 feet; thence S89°52'18" 40.0 feet South of and parallel to said North line of E ½ NW 1/4, 1143.2 feet, more or less; thence Northerly 10.0 feet to the point of beginning, AND EXCEPT that parcel of land conveyed to Nathan G. Midcap and Jolynn E. Midcap recorded in Book 1175 at page 958.

TOGETHER with a 30 foot easement for ingress and egress running along the East line of a parcel of land in the NE 1/4 NW 1/4 of Section 17, Township 3 North, Range 58 West of the 6th P.M., as reserved in deed recorded in Book 1175 at page 958, and as shown on exemption survey pint recorded in Book 1175 at pages 214 and 215.

Also known and numbered as: Property in Morgan County, Fort Morgan, CO 80701

Which has the common address of 14000 Bock of Rd. Q, ("Property Address"), and Parcel # 122717000013.

24. The Mortgage provides that, in the event of default, GSL shall have a direct power of sale, and Kroskob shall be liable for all costs and reasonable attorney fees incurred in proceedings to collect and foreclose.

25. In addition to the Mortgage, both lease agreements granted to GSL ownership of all of the subject equipment. GSL has a security interest in any personal property and equipment obtained by the Kroskbs after execution of the leases by virtue of a duly executed and filed UCC Financing Statement. Exhibit 8.

26. Kroskob failed to pay and are now in default of Lease 56541.

27. Kroskob failed to pay and are now in default of Lease 57389.

28. In 2008, GSL agreed to provide additional financing of $200,000 to assist Kroskob in turning around the business. Two funding events occurred.

29. On May 2, 2008, Kroskob as Maker gave a Demand Note and Security

4

Agreement 58604 (the "Original Note") to GSL as Holder in the amount of $100,000.

30. On May 27, 2008, GSL and the Kroskobs executed a revised and restated Demand Note and Security Agreement (the "Revised Note") under which the Kroskobs as makers agreed to pay to GSL as holder $200,000 on or before December 30, 2008. Exhibit10.

31. The Revised Note is secured by the April 6, 2007 Mortgage.

32. The Revised Note matured on December 30, 2008, and Kroskob failed to pay the outstanding principal, interest and other sums due and owing to GSL.

33. On May 12, 2009, GSL and the Kroskobs executed a second revised and restated Demand Note and Security Agreement (the "Second Revised Note") under which the Kroskobs as makers agreed to pay to GSL as holder $181,753.42 on or before April 6, 2010. Exhibit11.

34. The Second Revised Note also is secured by the April 6, 2007 Mortgage.

35. The Second Revised Note matured on April 6, 2010. The Kroskobs failed to pay the outstanding principal, interest and other sums due under the Second Revised Note, and are now in default.

36. The Second Revised Note, Lease 56541 and Lease 57389 all are cross-collateralized, and default of any instrument constitutes default of all.

37. GSL gave all required notices and Kroskob failed to cure their default.

38. As of January 1, 2011, Craig D. Kroskob, Lisa D. Kroskob and Kroskob Farms, LLC, are jointly and severally liable to GSL in the amount of $973,454.65. Interest, late fees, attorney fees, collection costs, foreclosure costs, and other sums recoverable under the various instruments are continuing to accrue.

39. GSL is entitled to replevin of all personal property and equipment used in the Kroskob business.

40. GSL is entitled to a foreclosure sale of the real property.

41. Defendant Cap Financial CV 2, LLC, may claim an interest in the above described real property by virtue of an Assignment of Deed of Trust or Mortgage Deed, recorded in Morgan County, on June 23, 2009, at Reception No. 856468.

42. Defendants, State and Division Engineers, may claim an interest in the above described real property by virtue of a Transcript of Judgment ($128,812.81, entered in Weld County on August 12, 2009), recorded in Morgan County on October 7, 2009, at Reception No.

5

858084.

43. Defendants Freund Investments, LLC, and the Morgan County Public Trustee, may claim an interest in the above described real property by virtue of a Deed of Trust dated November 12, 2010, recorded in Morgan County on November 17, 2010, at Reception No. 865281.

44. Freund Investments, LLC, also may claim an interest in the above described real property pursuant to a Quitclaim Deed dated January 28, 2011, recorded in Morgan County on February 2, 2011, at Reception No. 866821.

45. The real property at issue in this action is occupied by the Kroskobs.

46. GSL owns all of the personal property and equipment used by Kroskob, has demanded its return, and Kroskobs have refused to tender the property to GSL.

### FIRST CLAIM FOR RELIEF - BREACH OF THE SECOND REVISED DEMAND NOTE AND SECURITY AGREEMENT

47. Plaintiff incorporates the preceding allegations into this claim for relief.

48. The Kroskobs are the Maker and GSL is the Holder of the Second Revised Demand Note and Security Agreement in the amount of $181,753.42.

49. The second Revised Note matured April 6, 2010.

50. The Kroskobs defaulted by failing to make timely payments.

51. The Kroskob's default caused GSL to suffer damages in the amount of $181,753.42, plus interest, fees, costs, attorney fees, and all other sums due pursuant to the terms of the Second Revised Note.

WHEREFORE, GSL demands judgment against the Kroskobs, jointly and severally, in an amount to be proved at trial, together with pre-judgment interest, post-judgment interest, contractual fees, costs, attorney fees, and all other relief provided by law or which the Court may find just and equitable.

### SECOND CLAIM FOR RELIEF - BREACH OF LEASES

52. Plaintiff incorporates the preceding allegations into this claim for relief.

53. Kroskob and GSL entered into valid and binding lease agreements.

6

54. GSL performed all of its obligations under the lease agreements.

55. Kroskob defaulted by failing to make timely and complete payments as required by the lease agreements.

56. Kroskob's default caused GSL to suffer damages in an amount greater than $75,000.00, the exact amount of which will be proved at trial, plus interest, fees, costs, attorney fees, and all other sums due pursuant to the terms of the two lease agreements.

WHEREFORE, GSL demands judgment against the Kroskobs, jointly and severally, in an amount to be proved at trial, together with pre-judgment interest, post-judgment interest, contractual fees, costs, attorney fees, and all other relief provided by law or which the Court may find just and equitable.

### THIRD CLAIM FOR RELIEF - JUDICIAL FORECLOSURE OF MORTGAGE

57. Plaintiff incorporates the preceding allegations into this claim for relief.

58. The Mortgage provides that upon default GSL shall have power of sale and may foreclose by judicial proceeding.

59. The Mortgage provides that if foreclosure is made through the Courts, a reasonable attorney fee shall be allowed as part of the cost of the foreclosure.

60. The lien of GSL's Mortgage is prior and superior to the lien of any of the Defendants in the Property.

61. GSL is entitled to a decree of foreclosure of the Mortgage, as a result of the default under the Second Revised Note and the two Equipment Lease Agreements.

WHEREFORE, GSL respectfully requests that the Mortgage be adjudged a prior and superior lien upon the real property, that the Mortgage be foreclosed and the real property be sold at public sale and the proceeds applied to GSL's judgment, that GSL or any other party hereto be allowed to become the purchaser at the sale, and that the Court award costs, attorney fees, pre-judgment interest, post-judgment interest, and any further relief provided by law or which the Court may deem just and equitable.

### FOURTH CLAIM FOR RELIEF - DECLARATORY JUDGMENT

62. Plaintiff incorporates the preceding allegations into this claim for relief.

63. An actual controversy exists with regard to the parties' respective rights and obligations under the Second Revised Note, Lease 56541, Lease 57389, Mortgage, and the

associated personal guaranty and security documents.

64. GSL is entitled to a declaration that the Kroskobs are jointly and severally liable to GSL for $973,454.65 as of January 1, 2011, or such other amount that is proven at trial, plus interest, fees, costs, attorney fees and all other sums due under the various agreements between GSL and the Kroskobs, that all equipment now in Kroskob's possession must be immediately surrendered to GSL, that the real property described above should be sold pursuant to law, and that the Kroskobs thereafter shall have no right, title or interest whatsoever in the equipment, real property, or in any property decreed to be owned by GSL.

WHEREFORE, GSL respectfully prays for entry of a declaratory judgment and decree that the Kroskobs are jointly and severally liable to GSL for $973,454.65 as of January 1, 2011, or such other amount that is proven at trial, plus interest, fees, costs, attorney fees, and all other sums due under the various agreements between GSL and the Kroskobs, that all equipment now in Kroskob's possession must be immediately surrendered to GSL, that the real property described above should be sold pursuant to law, and that Kroskob thereafter shall have no right, title or interest whatsoever in the equipment, real property, or in any other property decreed to be owned by GSL. GSL further prays for an award of pre-judgment interest, post-judgment interest, costs, attorney fees and any further relief provided by law or which the Court may deem just and equitable.

### Fifth Claim For Relief - Quiet Title

65. Plaintiff incorporates the preceding allegations into this claim for relief.

66. GSL is entitled to a complete adjudication by the Court of the rights of all parties with respect to the real property at issue in this action.

WHEREFORE, GSL respectfully prays for entry of a decree quieting title to the subject real property in GSL and holding that the Defendants have no further right, title or interest in the subject real property. GSL further prays for an award of damages, pre-judgment interest, post-judgment interest, costs, attorney fees and any further relief provided by law or which the Court may deem just and equitable.

### Sixth Claim For Relief - Replevin

67. Plaintiff incorporates the preceding allegations into this claim for relief.

68. GSL is the owner of and is entitled to possession of the subject personal property and equipment.

69. GSL's interest in the property and equipment is based upon written instruments.

8

70. The Kroskobs are now wrongfully detaining the property.

71. The Kroskobs' business address is 11491 County Road 12, Fort Morgan, Colorado 80701. To the best of GSL's knowledge, information and belief, most of the property and equipment at issue is presently located at 11491 County Road 12, Fort Morgan, Colorado 80701, although GSL also believes the Kroskobs have sought to hide some of the equipment.

72. GSL has demanded that the Kroskobs return the property and equipment.

73. GSL has not received the property from the Kroskobs despite the demands, and GSL continues to be deprived of the use and enjoyment of the property.

74. The property and equipment at issue has not been taken for a tax assessment, fine, pursuant to statute, nor has it been seized under any execution.

WHEREFORE, GSL respectfully requests that the Court: (1) issue an Order directing the Kroskobs to show cause why the property listed in this Complaint should not be taken from them and delivered to GSL; (2) set a Show Cause Hearing within ten days after issuance of the Order to Show Cause, as required by C.R.C.P. 104(c); (3) make a preliminary determination concerning GSL's right to possession of all personal property and equipment described in this Complaint; (4) enter judgment for GSL for possession of the property, or for the value thereof in case delivery cannot be made, plus damages for detention and for any property not returned or returned in damaged condition; and (5) award GSL's damages, pre-judgment interest, post-judgment interest, costs, attorney fees, and any further relief provided by law or which the Court may deem just and equitable.

Dated: April 6, 2011

## VERIFICATION

I, James L. Newman, affirm that I am a Managing Member of the Plaintiff, GSL of ILL, LLC, and that I have read the above allegations, and the facts alleged therein are true and correct according to my knowledge, information and belief.

_/s/ James L. Newman_
James L. Newman

Subscribed and sworn to before me this 6th day of April, 2011, by James Newman. Witness my hand and official seal.

**OFFICIAL SEAL**
**ANGELA M. MOJICA**
Notary Public - State of Illinois
My Commission Expires Oct 28, 2012

_Angela M. Mojica_
Notary Public

My commission expires: 10-28-2012

Respectfully submitted,

LiPuma Law Associates, llc

/s/ Richard T. LiPuma

Richard T. LiPuma, #17892
Attorney for Petitioner
1635 Foxtrail Drive
Loveland, CO 80538
rich@rlipuma.com
(970) 776-3292 - Telephone
(970) 776-3301 - Facsimile

Plaintiff's Address:

GSL of ILL, LLC
4131 S. State Street
Chicago, IL 60609

10