

4131 South State Street

Chicago IL USA 60609

Phone: 773.548.4131

Fax: 773.548.2608

# DEMAND NOTE

$100,000.00

May 2, 2008

Chicago, Illinois

*FOR VALUE RECEIVED*, the undersigned, Craig and Lisa Kroskob d/b/a Kroskob Farms, a Colorado corporation and Craig Kroskob and Lisa Kroskob (hereinafter collectively referred to as "**Maker**") hereby promises to pay to the order of GSL OF ILL, LLC, an Illinois limited liability company ("**Holder**"), at Holder's principal office 4131 S. State Street, Chicago, Ill. 60609, or at such other place or places as Holder hereof may from time to time designate in writing, the principal sum of One Hundred Thousand ($100,000.00) or so much thereof as may from time to time be advanced hereunder, with interest on the principal balance outstanding from time to time, all as hereinafter set forth.

1. Interest Rate; Monthly Payments, Etc.

    (a) Interest Rate. From the date hereof until the occurrence of an event set forth in subsection 1(b) below, the principal balance from time to time unpaid and outstanding shall bear interest at the rate of Twenty Percent (20.00%) per annum (the "**Interest Rate**").

    (b) Default Rate. After the earlier of (i) the Maturity Date (as hereafter defined), whether by acceleration or otherwise, or (ii) the occurrence of any default in the payment of any installment of principal and/or interest on the date due and payable, or (iii) the occurrence of any other Event of Default (as hereafter defined) hereunder, the total unpaid indebtedness hereunder shall bear interest at the rate of Thirty Percent (30%) per annum (the "**Default Rate**").

    (c) Computation of Interest. Interest shall be computed on the basis of a 360 day year and charged for the actual number of days elapsed.

    (d) Monthly Payment of Interest. On May 15, 2008, Maker shall make a payment of interest to the Holder in an amount calculated from the date of disbursement for the actual number of days that the principal balance is outstanding at the interest rate contemplated in subsection 1(a) and 1 (c) hereof for the period through and including the Maturity Date.

**EXHIBIT 9**

Page 1 of 8

Please initial

*CK - LK*



4131 South State Street

Chicago IL USA 60609

Phone: 773.548.4131

Fax: 773.548.2608

(e) Additional Compensation/Payment due the Holder. On or before the funding by the Holder hereof, Maker shall pay to the Holder the payment for providing funding hereunder, attorneys fees and costs and due diligence fees in the amount of $2,500.

(e) Late Payment Fee. Maker acknowledges that any late payment by the Maker to Holder of principal, interest or any other amount required to be paid under this Note or the other Loan Documents (defined below) will cause Holder to incur costs not contemplated by this Note or the other Loan Documents, the exact amount of which is difficult and impractical to ascertain. Maker shall pay Holder a late payment fee of ten percent (10%) of any payment of principal, interest and/or other amount to be paid under this Note or any other Loan Document which is not received by Holder on the date when due. The late payment fee provided for herein shall be in addition to any interest owed at the Default Rate and shall be payable for each month or partial month during which payment is late.

2. Maturity Date; Payment. The entire principal balance of this Note then outstanding, plus any accrued and unpaid interest thereon, shall be due and payable on Demand but if there shall be no Demand, then on ~~August~~ [Sept 31], 2008, and/or such earlier date on which said amount shall become due and payable on account of acceleration by Holder for any other reason (the "**Maturity Date**"). Maker promises to pay to Holder hereof principal and interest in the amount and at the times provided in Section 1 above. Maker agrees that, on the Maturity Date, Maker will pay to Holder the entire principal balance of this Note then outstanding, together with all accrued and unpaid interest, all penalties and late payment fees hereunder. Maker hereby acknowledges and agrees that the obligation hereunder shall be cross collateralized and cross defaulted with any and all obligations due and owing Holder from and after the date hereof.

3. Right to Prepay. The Maker hereof shall have the right to prepay this Note in whole or in part from time to time and at any time upon written notice to the Holder in increments of not less than $5,000.

4. Making of Payments. Each payment (including prepayments) of principal, interest, or any other amounts of any kind with respect to this Note, shall be made by the Maker to Holder hereof at Holder's office as aforesaid (or at any other place which Holder may hereafter designate for such purpose in a notice duly given to the Maker hereunder), not later than twelve o'clock (12:00) p.m., Chicago time, on the date due therefor; and funds received after that hour shall be deemed to have been received by Holder on the next following business day. Whenever any payment to be made under this Note shall be stated to be due on a date which is not a business day, the due date therefor shall be extended to the next succeeding business day. Unless Maker is otherwise directed in writing by Holder, all payments and prepayments hereunder shall be paid in immediately available funds at Holder's office as aforesaid.

Please initial

CK  dK



4131 South State Street

Chicago IL USA 60609

Phone: 773.548.4131

Fax: 773.548.2608

5. <u>Renewal.</u> Holder may grant renewals or extensions, accept partial payments, release security or anyone liable on this Note or any guaranty without affecting the liability of Maker or any guarantor.

6. <u>Default; Remedies.</u> Any one of the following occurrences shall constitute an "**Event of Default**" under this Note:

(a) Failure by the Maker to make any payment of principal, interest and/or late payment fee hereunder;

(b) Failure by Maker to perform any obligation under, or the occurrence of any other default with respect to any provision of this Note (other than as specifically described in any other provision of this Section 6) and the continuation of such default for a period of thirty (30) days after written notice thereof to the Maker;

(c) The occurrence of any Event of Default with respect to any provision of any other Loan Document (other than as specifically described in any other clause of this Section 6), which is not cured within the time period provided therefor, if any. With respect to any event or occurrence which constitutes an Event of Default hereunder solely by reason of its constituting a default or Event of Default under another document or instrument, to the extent (if any) that such other document or instrument provides a grace or cure period with respect to such default, the same grace or cure period, and only such period, shall apply with respect thereto under this Note.

(d) If Maker, any guarantor of the indebtedness, or any one or more of them shall fail to pay its debts, make an assignment for the benefit of its creditors, or shall commit an act of bankruptcy, or shall admit in writing its inability to pay its debts as they become due, or shall seek a composition, readjustment, arrangement, liquidation, dissolution or insolvency proceeding under any present or future statute or law; or shall file a petition under any chapter of the Federal Bankruptcy Code or any similar law, state or federal, now or hereafter existing; or shall become "insolvent" as that term is generally defined under the Federal Bankruptcy Code; or shall in any involuntary bankruptcy case commenced against it, file an answer admitting insolvency or inability to pay its debts as they become due, or shall fail to obtain a dismissal of such involuntary case within thirty (30) days after its commencement or convert the case from one chapter of the Federal Bankruptcy Code to another chapter; or be the subject of an order for relief in such bankruptcy case; or be adjudged a bankrupt or insolvent; or shall have a custodian, trustee or receiver appointed for, or have any court take jurisdiction of its property, or any part thereof, in any proceeding for the purpose of reorganization, arrangement, dissolution or liquidation, and such custodian, trustee, liquidator or receiver shall not be discharged, or such jurisdiction shall not be relinquished,

Please initial

C.K. dK



4131 South State Street

Chicago IL USA 60609

Phone: 773.548.4131

Fax: 773.548.2608

vacated or stayed within thirty (30) days of the appointment.

Upon the occurrence of any Event of Default hereunder, the entire outstanding principal balance and any unpaid interest penalties or late payment fees then accrued under this Note, shall, at the option of Holder hereof and without demand or notice of any kind to the undersigned or any other person (including, but not limited to, any guarantor now or hereafter existing), immediately become and be due and payable in full. In such event, Holder shall have and may exercise any and all rights and remedies available at law or in equity in addition to any and all rights and remedies provided in any of the other Loan Documents.

7.   Application of Payments.   Holder shall have the sole, exclusive and unreviewable right unilaterally (and without notice to or the consent of any person) to allocate any and all payments which may be received by or tendered to Holder made by the Maker or any other person (including, without limitation, any guarantor now or hereafter existing) at any time or from time to time and which relate in any way to the sums advanced hereunder or any of the other Loan Documents in any order of priority as Holder, in its sole and exclusive discretion determine to: (a) the payment of any costs and expenses incurred by Holder hereof to enforce any rights hereunder or under the other Loan Documents or to preserve or protect the Property, (b) accrued but unpaid interest, penalties and late payment fees, and (c) principal.

8.   Captions.   Any headings or captions in this Note are inserted for convenience of reference only. Such headings or captions shall not be deemed to constitute a part hereof, nor shall they be used to construe or interpret the provisions of this Note. As used herein, the term Holder refers to its successors, participants, co-lenders, assignees and/or any person claiming by, through or under said entity.

9.   Waiver.   Maker, for itself and for its successors, transferees and assigns hereby irrevocably (a) waives diligence, presentment and demand for payment, protest, notice, notice of protest and nonpayment, dishonor an notice of dishonor and all other demands or notices of any and every kind whatsoever, and (b) agrees that this Note and any or all payments coming due hereunder or under any of the other Loan Documents may be extended from time to time in the sole discretion of Holder hereof without in any way affecting or diminishing Maker's liability hereunder.

No extension of the time for any payment due hereunder or under any of the other Loan Documents made by agreement with any person now or hereafter liable for payment of this Note or any other Loan Document shall operate to release, discharge, modify, change or affect the original liability under this Note or any other Loan Document, either in whole or in part.

No delay in the exercise of any right or remedy hereunder by Holder shall be deemed to be a waiver of such right

Please initial

C.K. - J.K.



4131 South State Street

Chicago IL USA 60609

Phone: 773.548.4131

Fax: 773.548.2608

or remedy, nor shall the exercise of any right or remedy hereunder by Holder be deemed an election of remedies or a waiver of any other right or remedy. Without limiting the generality of the foregoing, the failure of Holder promptly after the occurrence of any default hereunder to exercise its right to declare the indebtedness remaining unmatured hereunder to be immediately due and payable shall not constitute a waiver of such right while such default continues nor a waiver of such right in connection with any future default.

No waiver or limitation of any right or remedy hereunder by Holder shall be effective unless (and any such waiver or limitation shall be effective only to the extent) expressly set forth in a writing, signed and delivered by Holder to Maker. No notice to or demand on Maker in any case shall entitle Maker to any other notice or demand in similar or other circumstances, nor shall such notice or demand constitute a waiver of any rights or remedy of Holder to any other or further actions. In its sole discretion, Holder may, at any time and from time to time, waive any one or more of the rights or remedies contained herein, but such waiver of such rights or remedies in any other instance or under any other circumstance.

10. Payment of Costs. The undersigned hereby expressly agrees that upon the occurrence of any Event of Default under this Note, the undersigned will pay to Holder, on demand, all costs of collection and enforcement of every kind including (but not limited to) all reasonable attorneys' fees, court costs, and other costs and expenses of every kind incurred by Holder in connection with the preparation, interpretation, enforcement hereof or the protection or realization of any or all of the security for this Note, whether or not any lawsuit is filed with respect thereto.

11. Security. This Note is secured by, inter alia, the following: Mortgage, Assignment of Leases and Rents, Equipment Lease Agreement, Business, Factoring, Loan and/or Commercial Security Agreement(s) and Financing Statement(s) (collectively, the **"Mortgage"**), heretofore made and/or granted by Maker, as Mortgagor/Lessee/Debtor/Borrower, to Holder, as Mortgagee/Lessor/Secured Party and/or as assignee, if applicable, which is a lien and/or security interest on substantially all and/or portion of the assets of one or more Makers hereunder and/or being purchased simultaneously herewith by the Maker (the **"Property"**), that shall designate the Holder as the secured party thereof. This Note, Mortgage, together with all such agreements, loan agreements, security agreements, construction agreements, assignments, certificates, indemnifications, documents, notes, guarantees, pledges, consents, contracts, notices, financing statements, hypothecation agreements, collateral assignments, assignments, mortgages, chattel mortgages, and instruments given to evidence or secure the indebtedness evidenced by the Note and all other written matter and all amendments, modifications, supplements, extensions and restatements thereof and thereto, and all agreements, notes, documents or instruments delivered in substitution therefor or in lieu thereof whether heretofore, now or hereafter executed by or on behalf of Maker, guarantor, any one or more of them, or any other person or entity, delivered to Holder or any participant with respect to this Note and the loan evidenced hereby are collectively referred to herein as the "Loan Documents." Reference is hereby made to the Mortgage and the other Loan Documents for a statement of

Please initial

C.K  d.K.



4131 South State Street

Chicago IL USA 60609

Phone: 773.548.4131

Fax: 773.548.2608

certain circumstances under which amounts due pursuant to this Note may be accelerated and for a description of the property, real and/or personal, covered thereby and the nature and extent of the security granted pursuant thereto.

12. **Notices.** Any and all notices given in connection with this Note shall be deemed adequately given only if in writing and addressed to the party for whom such notices are intended at the address set forth below. All notices shall be sent by personal delivery, Federal Express or other over-night messenger service, first class registered or certified mail, postage prepaid, return receipt requested, telefax or electronic transmission to the last known address of the Maker. A written notice shall be deemed to have been given to the recipient party on the earlier of (a) the date it shall be sent to the address required by this Note; (b) the date delivery shall have been refused at the address required by this Note; or (c) with respect to notices sent by mail, the second day after being sent. Any and all notices referred to in this Note, or which either party desires to give to the other, shall be addressed or sent to the last known address.

Addresses may be changed by notice of such change, mailed as provided herein, to the last address designated.

13. **Time of the Essence.** Time is hereby declared to be of the essence of this Note and of every part hereof.

14. **Governing Law and Jurisdiction.** This Note has been executed and delivered at Chicago, Illinois, and shall be governed by and construed in accordance with the internal laws of the State of Illinois. In any controversy, dispute or question arising hereunder or under the other Loan Documents, Maker hereby consents to the exercise of jurisdiction over its person and property in any court of competent jurisdiction situated in the State of Illinois (whether it be a court of such state, or a court of the United States of America situated in such state). In connection therewith, Maker agrees to submit to, and be bound by, the jurisdiction of such court upon Holder's mailing of process by registered or certified mail, return receipt requested, postage prepaid, to the Maker at its address for receipt of notices under this Note.

15. **Holder Not Partner of Maker.** Under no circumstances whatsoever shall Holder of this Note is deemed to be a partner or a co-venturer with Maker. Maker shall not represent to any person that Maker and Holder are partners or co-venturers. Any and all actions by Holder in exercising any rights, remedies or privileges hereunder or in enforcing this Note or the other Loan Documents shall be exercised by Holder solely in furtherance of its role as a secured lender.

16. **Severability.** In the event any one or more of the provisions of this Note shall for any reason be held to be invalid, illegal or unenforceable, in whole or in part or in any respect, or in the event any one or more of the provisions of this Note operate or would prospectively operate to invalidate this Note, then, and in either of



4131 South State Street

Chicago IL USA 60609

Phone: 773.548.4131

Fax: 773.548.2608

such events, such provision or provisions only shall be deemed null and void and shall not affect any other provision of this Note and the remaining provisions of this Note shall remain operative and in full force and effect.

17. <u>Joint and Several Liabilities.</u>  All obligations, liabilities, covenants and agreements of Maker hereunder are joint and several.

18. <u>Usury.</u>  The provisions of this Section 18 shall govern and control over any irreconcilably inconsistent provision contained in this Note or in any other document evidencing or securing the indebtedness evidenced hereby.  Holder hereof shall never be entitled to receive, collect, or apply as interest hereon (for purposes of this Section 18, the word "interest" shall be deemed to include any sums treated as interest under applicable law governing matters of usury and unlawful interest), any amount in excess of the Highest Lawful Rate (hereinafter defined) and, in the event Holder ever receives, collects, or applies as interest any such excess, such amount which would be excessive interest shall be deemed a partial prepayment of principal and shall be treated hereunder as such; and, if the principal of this Note is paid in full, any remaining excess shall forthwith be paid to Maker.  In determining whether or not the interest paid or payable, under any specific contingency, exceeds the Highest Lawful Rate, Maker and Holder shall, to the maximum extent permitted under applicable law, (a) characterize any non-principal payment as an expense, fee or premium rather than as interest, (b) exclude voluntary prepayments and the effects thereof, and (c) spread the total amount of interest throughout the entire contemplated term of this Note, provided, that if this Note is paid and performed in full prior to the end of the full contemplated term hereof, and if the interest received for the actual period of existence hereof exceeds the Highest Lawful Rate, Holder shall refund to Maker the amount of such excess and, in such event, Holder shall not be subject to any penalties provided by any laws for contracting for, charging or receiving interest in excess of the Highest Lawful Rate.  "Highest Lawful Rate" shall mean the maximum rate of interest which Holder is allowed to contract for, charge, take, reserve or receive under applicable law after taking into account to the extent required by applicable law, any and all relevant payments or charges hereunder.

19. <u>Business Loan.</u>  Maker hereby represents and warrants that the purpose of this Loan is for the business of Maker and not for any consumer purposes whatsoever.

20. <u>Representation by Counsel.</u>  Maker hereby represents and warrants that it has consulted and conferred with competent legal counsel of its choice before executing this Note and all other Loan Documents.  Maker further represents and warrants that it has read and understood the terms of this Note and intends to be bound hereby.

21. <u>Waiver of Jury Trial, Etc.</u>  MAKER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY

Please initial

c.K.  J.K.



4131 South State Street

Chicago IL USA 60609

Phone: 773.548.4131

Fax: 773.548.2608

OTHER LOAN DOCUMENT OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF EITHER PARTY. IN ADDITION, IN THE EVENT THAT LITIGATION SHALL BE NECESSARY BY THE HOLDER TO COLLECT THE MONIES DUE HEREUNDER, THEN THE MAKER HEREBY CONSENTS TO JURISDICTION AND VENUE IN THE FEDERAL OR STATE COURTS THEN SERVING COOK COUNTY, ILLINOIS. MAKER HEREBY EXPRESSLY ACKNOWLEDGES THESE WAIVERS ARE A MATERIAL INDUCEMENT FOR HOLDER TO ACCEPT THIS NOTE AND TO MAKE THE LOAN EVIDENCED HEREBY AND BY THE OTHER LOAN DOCUMENTS.

OBLIGATIONS HEREUNDER ARE CROSS COLLATERALIZED AND CROSS DEFAULTED WITH ANY AND ALL OBLIGATIONS BY MAKER TO HOLDER, IF ANY.

(BALANCE OF THIS PAGE IS INTENTIONALLY LEFT BLANK)

*IN WITNESS WHEREOF*, the undersigned has executed and delivered this Note pursuant to proper authority duly granted, as of the date and year first above written.

MAKER: Craig and Lisa Kroskob d/b/a Kroskob Farms

By: _C. D Kroskob_

As its: _owner_

_C.D Kroskob_

Craig Kroskob, Individually

_Lisa Kroskob_

Lisa Kroskob, Individually

Page 8 of 8

Please initial

C-K, L.K-