IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 11-cv-00939-WYD-KMT

GSL of ILL, LLC

    Plaintiff,

v.

CRAIG D. KROSKOB, ET AL.

    Defendants.

## ANSWER

    Defendants Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC (collectively "the Kroskobs"), by and through their counsel Jones & Keller, P.C., answer Plaintiff's Verified Complaint for Breach of Contract, Judicial Foreclosure and Replevin ("Complaint") as follows:

    1.    Preliminary statement: This case involves overreaching conduct by Plaintiff GSL of Ill, LLC ("GSL") in a series of farm equipment leases and loan transactions with the Kroskobs. The Kroskobs swear that the many of the exhibits that GSL attached to its Complaint are not the documents to which they agreed. Although it might be easy to discount the Kroskobs' allegations, those allegations deserve serious attention. GSL's owner and manager, Norman S. Lynn, was suspended from practicing law in 2001 based on misconduct in connection with another commercial lease/loan transaction, including fraudulently misrepresenting and concealing material facts as well

as altering documents.[1]  The Kroskobs contend that Mr. Lynn and GSL have engaged in similar fraudulent conduct with respect to the commercial lease/loan transactions at issue in this case.

## ANSWER TO COMPLAINT

2.	The Kroskobs admit the allegations in the following paragraphs of the Complaint: 2, 3, 4, 5, 9, 10, 12, 28, 33, 45, 48, 49, 63, 74.

3.	The Kroskobs deny the allegations in the following paragraphs of the Complaint: 25, 26, 27, 31, 32, 34, 35, 37, 38, 39, 40, 42, 50, 51, 53, 54, 55, 56, 60, 61, 64, 66, 68, 69, 70, 72.

4.	The Kroskobs are without knowledge or information sufficient to form a belief as to the truth of the allegations in the following paragraphs of the Complaint and therefore deny the same: 1, 6, 7, 8, 11.

5.	The Kroskobs admit the allegations in paragraphs 13, 15, and 17 of the Complaint, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that the lease is known as "Lease 56541" and therefore deny that particular allegation.

6.	With respect to the allegations in paragraph 14 of the complaint, the Kroskobs admit that on or about May 25, 2006, in connection with the transaction referenced in paragraphs 13 and 15 of the Complaint, they and GSL executed a Bill of Sale for $500,000, conveying the Kroskob's right, title and interest in certain farm

---

[1] *See* Petition Allowed by the Illinois Supreme Court and Imposing Discipline on Consent, *In re Norman Stuart Lynn,* Supreme Court No. M.R. 17478 (May 25, 2001), attached as Appendix A; Order (May 25, 2001), attached as Appendix B.  Mr. Lynn represented himself to the Kroskobs as the owner and manager of GSL.  Mr. Lynn signed most documents on behalf of GSL.  *Compare* Complaint, Ex. 2 at 11 (Mr. Lynn's signature on behalf of GSL) with Complaint, Ex. 7 at 8 (Mr. Lynn's notarization of Mortgage, which the Krokobs contend is fraudulent).

equipment. The Kroskobs deny that such equipment is identified and more fully described in Exhibit 1 to the Complaint. The Kroskobs affirmatively state that Exhibit A to Exhibit 1 to the Complaint is inauthentic and falsely represents the equipment that the Kroskobs sold to GSL under the Bill of Sale.

7.  The allegations in paragraphs 16, 20, and 36 are GSL's interpretation of the legal meaning of written instruments. The Kroskobs assert that the interpretation of these documents is a question of law to which no response is required and, by way of further response, incorporate the language of the documents themselves. To the extent further response is required, the Kroskobs dispute GSL's interpretation of these instruments.

8.  The Kroskobs admit the allegations in paragraphs 18 and 20 of the Complaint, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that the lease is known as "Lease 57389" and therefore deny that particular allegation.

9.  With respect to the allegations in paragraph 19 of the Complaint, the Kroskobs admit that they executed the Bill of Sale attached to the Complaint as Exhibit 4. The Kroskobs deny the authenticity of the spreadsheet that follows the signature page of the Bill of Sale and affirmatively state that the spreadsheet shown in Exhibit 4 falsely represents the property that the Kroskobs conveyed to GSL under the Bill of Sale.

10. The Kroskobs admit the allegations in paragraph 21 of the Compliant, except they lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegation that the lease is known as "Lease 57389" and therefore deny that particular allegation.

11.     The Kroskobs deny the validity of the Mortgage referenced in paragraphs 22, 23, 24, 58, 59, 60, and 61 of the Complaint.  The Kroskobs did not sign the Mortgage.  They affirmatively state that GSL forged or otherwise falsified their signatures on the Mortgage and that the Mortgage is void.  To the extent the Mortgage is enforceable at all, its interpretation is a matter of law.

12.     The Kroskobs admit the allegations in paragraph 29 of the Complaint, except they lack knowledge or information sufficient to form a belief as to the truth or falsity of whether the note is "Agreement 58604" and therefore deny that particular allegation.

13.     With respect to the allegations in paragraph 30 of the Compliant, the Kroskobs admit that they Executed the Demand Note and Securty Agreement attached to the Complaint as Exhibit 10.  The Kroskobs deny the authenticity of Exhibit A to Exhibit 10 and affirmatively state that Exhibit A to Exhibit 11 falsely represents the property subject to the security agreement.

14.     With respect to the allegations in paragraph 33 of the Complaint, the Kroskobs admit that they executed the Demand Note and Security Agreement attached to the Complaint as Exhibit 11.  The Kroskobs deny the authenticity of Exhibit A to Exhibit 11 and affirmatively state that Exhibit A to Exhibit 11 falsely represents the property subject to the security agreement.

15.     With respect to the allegations in paragraphs 41, 43, and 44 of the Complaint, the Kroskobs admit that the referenced entities may claim interests in real

property owned by the Kroskobs; however, the specific interests are a matter of law, and the Kroskobs are unable to opine on the specific interests at this time.

16. With respect to the allegations in paragraph 46 of the Complaint, the Kroskobs deny that GSL owns all of the personal property and equipment used by the Kroskobs but admit that they refuse to tender the property to GSL.

17. No answer is required to the following paragraphs of the Complaint, which only serve to incorporate allegations of other paragraphs of the Complaint: 47, 52, 57, 62, 65, 67.

18. With respect to the allegations in paragraph 71 of the Complaint, the Kroskobs admit that their business address is 11491 County Road 12, Fort Morgan, Colorado 80701.  They admit that property and equipment at issue is located at that address.  They deny that they have sought to hide any equipment.

19. With respect to the allegations in paragraph 73 of the Compliant, the Kroskobs admits that GSL has not received the property and denies the remainder of the allegations.

20. The Kroskobs deny that GSL is entitled to relief in its favor.

21. Any allegation of the Complaint not admitted above is denied.

## **DEFENESES**

1. GSL's claims are barred by fraud in the inducement.  GSL knowingly misrepresented to the Kroskobs the property that would be referenced in the exhibits to the bills of sale attached to the Complaint as Exhibit 1 and Exhibit 4 and in the Demand Note and Security Agreement attached to the Complaint as Exhibit 10.  The Kroskobs reasonably relied on GSL's misrepresentations when they signed Exhibits 1, 4, and 10.

Further, the Kroskobs would not have executed any of the transaction documents but for GSL's fraudulent misrepresentations.  GSL's fraud has caused the Kroskobs damages, including without limitation the sale of valuable property to GSL and excessive interest paid to GSL.  The Kroskobs request rescission of all transactions with GSL and that the parties be restored as much as practicable to the status quo ante.

2. The Mortgage attached as Exhibit 7 to the Complaint is void and unenforceable.  The Kroskobs never signed it.  Further, the document was notarized in violation of Colorado and/or Illinois law.

3. GSL's claims to enforce alleged contractual obligations are barred because GSL materially breached those contracts.  Without limitation, GSL breached the implied covenant of good faith and fair dealing by altering contracts without the Kroskobs's knowledge or consent, by failing to apprise the Kroskobs of the balances owed under such contracts when requested to do so, by overstating the balances due under the contracts, and by refusing to provide a reasonable accounting of their overstatements of the balances owed.

4. GSL's claims are barred by the applicable statutes of limitations.

5. Some or all of GSL's claims are barred by the statute of frauds.  Particularly, the Kroskobs did not sign the Mortgage attached as Exhibit 7 to the Complaint.

6. Some or all of GSL's claims are barred by its unclean hands.

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

WHEREFORE, Defendants Craig D. Kroskob, LIsa D. Kroskob, and Kroskob Farms, LLC respectfully request that the Court enter judgment in their favor and against

Plaintiff GSL of Ill, LLC, that they be awarded their costs and reasonable attorneys' fees, and that the Court grant them such other and further relief as it deems appropriate under the circumstances.

DATED:  May 13, 2011

/s/ Ross W. Pulkrabek
Ross W. Pulkrabek
Lucas T. Ritchie
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO  80202
Telephone No.: (303) 573-1600
Facsimile No.: (303) 573-8133
Email:  rpulkrabek@joneskeller.com
lritchie@joneskeller.com

*Attorneys for Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, a true and correct copy of the foregoing was filed and served by CM/ECF to the following:

Richard T. LiPuma
1635 Foxtail Drive
Loveland, CO 80538

/s/ Ross W. Pulkrabek