## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00939-WYD-KMT

**GSL of ILL, LLC**,

                    Plaintiff,

   vs.

**CRAIG KROSKOB, et al.,**

                    Defendants.

---

## SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE AND
## APPEARANCES OF COUNSEL AND *PRO SE PARTIES*

The Scheduling Conference was held on July 19, 2011.  Plaintiff, GSL of ILL, LLC

("GSL") was represented by:

> Richard T. LiPuma
> *LiPuma Law Associates, llc*
> 1635 Foxtrail Drive
> Loveland, Colorado 80538
> Telephone:     (970) 776-3292
> Facsimile:      (970) 776-3301
> E-mail:          rlipuma@aol.com

Defendants Craig Kroskob, Lisa Kroskob and Kroskob Farms, LLC, (collectively the

"Kroskobs") were represented by:

> Ross W. Pulkrabek
> JONES & KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, Colorado 80202
> Telephone:     (303) 573-1600
> Facsimile:      (303) 573-8133
> E-mail:          rpulkrabek@joneskeller.com

The following defendants did not participate in the Scheduling Conference:

Freund Investments, LLC: GSL's counsel advised the Court that a waiver of service was submitted to counsel for Freund Investments, LLC, but the client did not authorize acceptance. Service of process therefore has been arranged and is expected to be completed shortly.

State and Division Water Engineers: GSL's attorney has been in contact with counsel for the State and Division Water Engineers, who advises that these defendants have no further interest in the subject property. They previously had a judgment lien, but the judgment was satisfied and a satisfaction of judgment and release of lien has or will be recorded in the Morgan County Records. Upon release of the lien, GSL expects to voluntarily dismiss these defendants from this action.

CAP Financial CV2, LLC: GSL's attorney has been in contact with counsel for CAP Financial CV2, LLC. After exchanging documents, it appears that CAP's recorded interest adverse to the Kroskobs applies only to properties that are not the subject of this action. Therefore, GSL's counsel also expects to voluntarily dismiss CAP from this action.

Robert Sagel, Public Trustee of Morgan County: The Morgan County Public Trustee was served on April 12, 2011, but no attorney has entered an appearance and no answer has been filed to date.

## 2.  STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) (diversity of citizenship). Venue is appropriate pursuant to 28 U.S.C. §1331(a)(2).  Jurisdiction and venue are not contested.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

<u>Plaintiff</u>: GSL loaned money to the Kroskobs pursuant to a series of promissory notes and finance leases.  As security, the Kroskobs pledged real property and farm equipment.  The Kroskobs defaulted on all of their obligations and remain in default.  GSL seeks damages for breaches of the various financing contracts, and foreclosure and replevin of the collateral.

<u>Defendants Craig D. Kroskob, Lisa D. Kroskob and Kroskob Farms LLC</u>: This case arises from overreaching and predatory conduct by GSL in a series of farm equipment leases and loan transactions.  GSL fraudulently induced the Kroskobs to enter into the loan transactions by materially misrepresenting the property to be pledged as security for the loans.  Several documents attached to GSL's complaint that purport to identify the farm equipment pledged as collateral are not the same documents to which the Kroskobs agreed.  Similarly, the Kroskobs never signed the mortgage attached to GSL's complaint, and indeed the mortgage is defective on its face inasmuch as it was notarized in violation of Colorado and/or Illinois law.

GSL is further barred from enforcing the loan documents in question due to its breaches of the covenants of good faith and fair dealing.  GSL altered the loan documents without the Kroskobs' knowledge or consent, failed to apprise the Kroskobs of balances owed under the loan documents when asked to do so, overstated balances due, and refused to provide a reasonable accounting of balances due when requested.

3

As additional defenses, the Kroskobs assert that some or all of GSL's claims are barred by the applicable statutes of limitations, the statute of frauds, and GSL's unclean hands.  The Kroskobs reserve the right to amend their pleadings to allege additional defenses, counterclaims, or third party claims.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:  The Kroskobs borrowed money from GSL and are in default.

## 5.  COMPUTATION OF DAMAGES

<u>Plaintiff</u>:   GSL has calculated its damages on the basis of the various contracts between the parties, the dates and amounts of payments that were made by the Kroskobs, and application of interest and fees as provided in the contract documents.  GSL computes its damages as $973,454.65 as of January 1, 2011.  Interest, costs and attorney fees also are owed and continue to accrue.  GSL also is entitled to foreclosure and sale of the subject real property and replevin and sale of all equipment pledged as collateral.

<u>Defendant</u>: The Kroskobs have not yet asserted any counterclaims or third-party claims, but they reserve the right to do so.  The Kroskobs contest the amount of GSL's damages.  The Kroskobs also contest the validity of the instruments granting security interests in their real property and equipment.

## 6.  REPORT OF PRE-CONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

Date of rule 26(f) meeting: July 6, 2011.

Names of each participant and party he represented:  Richard T. LiPuma representing GSL; Ross Pulkrabek representing the Kroskobs.

Rule 26(a)(1) Disclosures shall be made on or before August 1, 2011.  No other changes in the timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1) are anticipated.

There are no other agreements yet to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement.  The parties will continue to discuss informal discovery.

The parties anticipate that their claims and defenses will involve electronically stored information, and some of the disclosure or discovery will involve information or records maintained in electronic form. The parties shall make reasonable efforts to (I) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.  No agreements have been reached yet for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records.

The parties have discussed the possibility of prompt settlement of the claims and defenses at issue in this action.  The parties anticipate scheduling a settlement conference to determine early whether the action can be resolved prior to incurring substantial litigation expenses.  The parties will continue to explore the possibility of early settlement.

### 7.  CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

The parties do not anticipate any modification to the presumptive numbers of depositions or interrogatories contained in the Federal Rules of Civil Procedure.

The parties do not propose any limitations on the length of depositions.

The parties do not propose any limitations on the number of requests for production and/or requests for admission.

The parties anticipate the joint submission of an agreed protective order on or before August 8, 2011.

## 9.  CASE PLAN AND SCHEDULE

Deadline for Joinder of Parties and Amendment of Pleadings: October 1, 2011.

Discovery Cut-off: March 1, 2012.

Dispositive Motion Deadline: March 31, 2012.

Expert Witness Disclosure:

Anticipated fields of expert testimony:

Plaintiff – GSL may call experts in one or more of the following fields:  forensic accounting; asset appraisal/valuation; handwriting/questioned document.

Defendant – The Kroskobs may call experts in one or more of the following fields:  forensic accounting; asset appraisal/valuation; handwriting/questioned document; commercial lending practices and good faith and fair dealing in commercial loans and/or farm loans; notarization of documents.

The parties are limited to one expert witnesses per party per area of expertise.

The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P.26(a)(2) on or before February 1, 2012. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 1, 2012. Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the Court.

Deposition Schedule:

| Deponent | Date | Expected Length |
| --- | --- | --- |
| Craig Kroskob | TBD | 7 hours |
| Lisa Kroskob | TBD | 7 hours |
| Norman Lynn | TBD | 7 hours |
| GSL pursuant to Rule 30(b)(6) | TBD | 7 hours |
| Plaintiff's Experts | TBD | 7 hours each |
| Defendants' Experts | TBD | 7 hours each |
| Other Witnesses Identified Through Discovery | TBD | 7 hours each |

Pursuant to Fed.R.Civ.P. 33 the last day for any party to serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, is January 29, 2012.

Pursuant to Fed.R.Civ.P. 34 the last day for any party to serve upon any other party requests for production of documents and/or requests for admissions, not exceeding 25 in number, is January 29, 2012.

## 10.  DATES FOR FURTHER CONFERENCES

A settlement conference will be held on_____ at _____ o'clock __.m.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.  Attorneys and client representatives with authority to settle must be present.   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

Status conferences will be held in this case at the following dates and times:

_____

A final pretrial conference will be held in this case on _____ at_____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

GSL has requested immediate entry of an Order to Show Cause why the subject personal property and equipment should not be immediately turned over to GSL pursuant to its claim for replevin.  A hearing should be scheduled at the Court's earliest opportunity.  The parties are not aware of any other unresolved discovery or scheduling matters at this time.

Trial to a jury is anticipated to last 4 days.

8

The parties do not request that any pretrial proceedings be held in the District Court's Colorado Springs facility.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

9

APPROVED:

s/ Richard T. Lipuma
Richard T. LiPuma
Attorney for GSL
LiPuma Law Associates, llc
1635 Foxtrail Drive
Loveland, Colorado 80538
Telephone:      (970) 776-3292
Facsimile:      (970) 776-3301
E-mail:          rlipuma@aol.com

s/ Ross W. Pulkrabek
Ross W. Pulkrabek
Attorney for the Kroskobs
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone:      (303) 573-1600
Facsimile:      (303) 573-8133
E-mail:          rpulkrabek@joneskeller.com