IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **GSL of ILL, LLC** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 2011 CV 00939-WYD-KMT** |
| ) | |
| **CRAIG D. KROSKOB; LISA D. KROSKOB;** ) | |
| **KROSKOB FARMS, LLC; FREUND** ) | |
| **INVESTMENTS, LLC; DICK WOLFE** ) | |
| **AS STATE ENGINEER, COLORADO;** ) | |
| **DAVID NETTLES AS DIVISION 1** ) | |
| **WATER ENGINEER; CAP FINANCIAL** ) | |
| **CV2, LLC; ROBERT A. SAGEL AS** ) | |
| **PUBLIC TRUSTEE OF MORGAN** ) | |
| **COUNTY, COLORADO,** ) | |
| ) | |
| Defendants. ) | |

**UNOPPOSED MOTION FOR ENTRY OF ORDER TO SHOW CAUSE**

Plaintiff GSL of ILL, LLC ("GSL"), by and through its attorneys, *LiPuma Law Associates, llc*, pursuant to Fed. R. Civ. P. 7(b)(1), D.C.Colo.LCivR 7.1, and pursuant to instructions from Magistrate Kathleen Tafoya at the Scheduling Conference held on July 19, 2011, moves for entry of an order to show cause as follows:

1. Certificate: Counsel for the parties have discussed the relief requested in this motion, and the undersigned is authorized to represent that there is no objection.

2. In this action, GSL claims that it purchased certain specified farm equipment, and that it leased the equipment to defendants Craig and Lisa Kroskob, and Kroskob Farms, LLC. Other Kroskob farm equipment was pledged to GSL as collateral securing a promissory note.

1

Kroskobs are in default on both leases and on the promissory note.

3. GSL has asserted a claim for replevin to recover possession of personal property, including the Kroskob farm equipment.  GSL has demanded delivery of the subject farm equipment.  GSL filed a "verified" complaint to support the replevin claim, in compliance with Colo. R. Civ. P. 104(b).

4. Pursuant to Colo. R. Civ. P. 104(c), the Court should enter an order requiring the Kroskob defendants to show cause, if any, why the subject farm equipment should not be delivered to GSL, and to hold a hearing within ten days after issuing the order to show cause.

5. By agreement reached at the Scheduling Conference on July 19, 2011, GSL waived the ten day hearing requirement.  The Kroskobs, through counsel, have waived the requirement that the Court's Order to Show Cause be personally served on each of the Kroskob defendants.  Instead, the parties request that the Court enter an Order to Show Cause, and set a hearing on such order at the earliest convenience of the Court and the parties.

6. All parties have not consented to the exercise of jurisdiction by the Magistrate Judge.  Therefore, the parties request that the matter be set for hearing before a United States District Court Judge.

WHEREFORE, GSL respectfully requests entry of an Order to Show Cause, and that a hearing be set at the earliest convenience of the Court and the parties.

Dated July 20, 2011.

        Respectfully submitted,

        *LiPuma Law Associates, llc*

        */s/ Richard LiPuma*

        _____
        Richard LiPuma, #17892
        Attorney for Plaintiff, GSL of ILL, LLC
        1635 Foxtrail Drive
        Loveland, CO 80538
        rich@rlipuma.com
        (970) 776-3292 - Telephone
        (970) 776-3301 - Facsimile

**Certificate of Service**

I certify that the foregoing **Unopposed Motion for Entry of order to Show Cause** was duly served on July 20, 2011, via CM/ECF or United States Mail, on the following:

    Ross W. Pulkrabek
    JONES & KELLER, P.C.
    1999 Broadway, Suite 3150
    Denver, Colorado 80202

        */s/ Richard LiPuma*

        _____
        Richard LiPuma