IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 11-cv-00939-WYD-KMT

GSL of ILL, LLC

    Plaintiff,

v.

CRAIG D. KROSKOB, ET AL.

    Defendants.

## RESPONSE TO MOTION FOR ENTRY OF ORDER TO SHOW CAUSE

Defendants Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC (collectively "the Kroskobs"), by and through their counsel Jones & Keller, P.C., respond to Plaintiff's Motion for Entry of Order to Show Cause ("Motion") as follows:

### SUMMARY

The Court should deny Plaintiff GSL of Ill, LLC's ("GSL") Motion and should decline to issue an order to show cause. Despite—and perhaps because of—the contested nature of the transactions alleged in this case, GSL seeks the pre-discovery and pre-judgment issuance of a writ of replevin, an "extraordinary"[1] procedure. GSL's Motion fails on both procedural and substantive grounds.

Substantively, the extraordinary remedy of a pre-judgment writ of replevin of the durable farm equipment Property—which GSL seeks during their height of the farming

---

[1] *Prefer v. PharmNetRx, LLC*, 18 P.3d 844, 852 (Colo. Ct. App. 2000) (quoting *Schoolhouse Educational Aids, Inc. v. Haag*, 699 P.2d 1318, 1320-21 (Ariz. 1985)).

season—is inappropriate. The Kroskobs' loss of possession of the farm equipment not only would cause the loss of crops and consequential economic harm, but it would destroy a way of life for the Kroskobs and their farmhands. No bond will adequately protect the Kroskobs and their workers' agricultural livelihood. The more reasonable alternative under these circumstances is entry of a preliminary injunction prohibiting the Kroskobs from disposing of the farm equipment in question.

Furthermore, GSL's Motion is procedurally deficient because it fails to comply with Colorado Rule of Civil Procedure ("C.R.C.P.") 104(b)(3). Specifically, the Motion insufficiently alleges the precise identity and value of property GSL desires to replevy, which in turn prejudices the Kroskobs' rights and ability to defend against the Motion.

## BACKGROUND AND INTRODUCTION

This case involves a series of overreaching sale-leaseback transactions involving the Kroskobs' durable farm equipment (the "Property"). The Kroskobs have asserted several defenses to GSL's claims. The Kroskobs reserve their right to amend their defenses and assert counterclaims or cross-claims if and when GSL discloses and makes evidence available for inspection and copying as required under Fed.R.Civ.P. 26(a)(1); however, GSL has not done so yet.

## LEGAL AUTHORITY

"[T]he law of the state where the court is located" governs an action for replevin in federal court. Fed. R. Civ. P. 64. In Colorado, C.R.C.P. 104 governs replevin. Replevin procedure is "sufficiently flexible to permit both legal and equitable rights to be determined." *Stokes v. Kirk*, 75 P.2d 1041, 1043 (Colo. 1938) (quoting *Haltom v. Nichols & Shepard Co.*, 166 P. 745, 746 (Okla. 1917)). The trial court must determine if

2

"the action is one in which a pre-judgment order of possession should issue," as well as "which party, with reasonable probability, is entitled to possession, use, and disposition of the property pending final adjudication of the claims of the parties." C.R.C.P. 104(g).

A party seeking a writ of replevin must make a sworn statement as to the "particular description" and the "actual value" of the property it seeks to replevy. C.R.C.P. 104(b)(3).  If a writ of replevin is issued following a hearing, the court "may require a bond…to protect the rights of the parties."  C.R.C.P. 104(g).  Furthermore, a defendant from whom property has been replevied "may require the return thereof upon filing with the court a written undertaking, in an amount set by the court in its discretion not to exceed double the value of the property…."  C.R.C.P. 104(j).  If a defendant ultimately obtains a judgment in its favor on the merits after property previously in its possession has been replevied, that defendant may obtain the value of that property (and damages for its taking) if the property's return cannot be had.  C.R.C.P. 104(p).

## ARGUMENT

### I. GSL's Motion should be Denied on Substantive Grounds.

A threshold question for this Court is whether this action "is one in which a pre-judgment order of possession should issue…."  C.R.C.P. 104(g).  This is <u>not</u> such an action.

Equitable concerns are properly considered in a replevin proceeding.  *Stokes*, 75 P.2d at 1043.  In this case, the equities weigh so heavily against the issuance of a pre-judgment writ of replevin that this Court should refuse to issue an order to show cause and, instead, should simply enjoin the Kroskobs from disposing of the Property until the conclusion of this litigation.

3

The Property is durable farming equipment, which the Kroskobs have owned and used for years, and which is integral to their farming business.  The Property always has been in the Kroskobs' possession.  Regardless of how the case ultimately may be decided, this is not and never will be a case in which the Kroskobs converted or stole property possessed by GSL.

Moreover, GSL strategically seeks replevin of the Property during the height of the farming season, which would cause immense and likely irreparable harm to the Kroskobs and their employees.  Crops would die and rot in the fields.  The Kroskobs would be forced to lay off their field hands.  Unable to harvest and deliver crops, the Kroskobs' reputations would be ruined.  Even assuming GSL were to post a bond to protect the Kroskobs' economic losses, which theoretically could be done, GSL will not post a bond to protect the Kroskobs' employees, and no bond will be sufficient to protect the Kroskobs' reputations and ability to resume their way of life as farmers at the conclusion of this case.

The other substantial equity weighing against issuance of replevin is that GSL continues to engage in the same predatory lending practices and bad faith that gave rise to this case in the first place.  In particular, the Kroskobs have been asking GSL for years to produce an intelligible accounting of the loan transactions at issue in this case.  GSL continues to "hide the ball" even today.  Pursuant to the Scheduling Order in this case, the parties were to exchange initial disclosures under Fed.R.Civ.P. 26(a)(1) on August 1, 2011.  *See* Scheduling Order § 6 [Docket #20].  GSL has yet to make those disclosures.

Under no circumstances should the Kroskobs be forced to respond to an order to show cause, or defend themselves against a pre-judgment writ of replevin, when GSL has failed to comply with its discovery obligations by disclosing the witnesses and evidence that it would use to support its claims.  *Cf.* Fed.R.Civ.P. 37(c)(1) (a party that has not complied with Fed.R.Civ.P. 26(a) may not use undisclosed evidence or witnesses to support a motion, at a hearing, or at trial).  GSL's failure to make disclosures under Fed.R.Civ.P. 26(a)(1) is not a mere technical issue because, in any hearing following an order to show cause, this Court would be faced with the task of deciding "which party, <u>with reasonable probability</u>, is entitled to [pre-judgment] possession, use, and disposition of the property…."  C.R.C.P. 104(g) (emphasis added). By virtue of the fact that GSL has made no disclosures, there would be insufficient information for the Court to make the determination of which party, with reasonable probability, would be entitled to possession of the Property.

**II.     GSL's Motion should be Denied because it Fails to Comply with Colorado Rules of Civil Procedure.**

Independent of and in addition to the foregoing reasons, the Court should deny GSL's Motion because it fails to comply with C.R.C.P. 104(b)(3).  Those failures prejudice the Kroskobs' rights under Colorado law and their ability to defend themselves fully against GSL's attempt to obtain the extraordinary remedy of a pre-judgment writ of replevin.

A party seeking a writ of replevin must file a sworn statement as to the "particular description of the property…."  C.R.C.P. 104(b)(3). GSL's Motion fails to comply with this requirement.  To the contrary, GSL refers to its "verified complaint" as support for its

5

request for a pre-judgment writ of replevin.  Motion, ¶ 3.  GSL's Complaint [Docket #1], however, does not give a particular description of the Property.  Instead, GSL's Complaint nebulously identifies the Property as "certain farm equipment, identified and more fully described in Exhibit 1."  Complaint, ¶ 14.  Exhibit 1 to the Complaint is a typewritten Bill of Sale, which states that the Kroskobs were selling "the assets described in Exhibit A hereto."  In turn, Exhibit A is facially ambiguous, and its significance to this litigation is entirely unclear.  The cover page of Exhibit A contains handwritten notations which indicate it refers to "pages 1-6"; yet, fourteen pages follow the cover page of Exhibit A.  Those fourteen pages contain both handwritten page numbers and typed page numbers.  The handwritten and typed page numbers do not match (e.g., the handwritten "Page 2" notation on Exhibit A appears on typed "page 6").  Thus, to the extent the fourteen pages that follow the cover page to Exhibit A even include the correct "Pages 1-6," it is unclear which six pages out of the fourteen total pages apply.

      C.R.C.P. 104(b)(3) requires a "particular description of the property," and GSL's failure to comply with this basic procedural requirement is fatal to its Motion.  A defendant should not be forced to respond to an order to show cause when the plaintiff refuses to comply with C.R.C.P. 104(b)(3) by providing a particularized description of the property at issue.  A writ of replevin issued from GSL's Motion would violate the Kroskobs' due process rights by failing to give adequate notice of what property is truly at issue.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

      Further, a party seeking a writ of replevin must file a sworn statement as to the property's "actual value…."  C.R.C.P. 104(b)(3).  GSL's Motion fails to state the actual

value of the Property at issue.  At best, GSL refers to the Complaint, from which 2006 values of equipment might be deduced if GSL first identified the particular property at issue.  The Kroskobs are entitled to know, and to refute if appropriate, GSL's asserted present value of whatever particular property it believes is at issue.  GSL's failure to state the Property's actual value interferes with the Kroskobs' right to dispute GSL's valuation.  It also prejudices the Kroskobs' right to argue for an appropriate bond, whether that bond would be posted by GSL pursuant to C.R.C.P. 104(e) or by the Kroskobs pursuant to C.R.C.P. 104(j).[2]

## **CONCLUSION**

The Kroskobs respectfully submit that the Court should deny GSL's Motion <u>with prejudice</u> for the substantive reasons discussed in Section I of this response.  A pre-judgment writ of replevin would be manifestly inequitable and does not make sense in the context of this case.  At a minimum, however, the Court should deny GSL's Motion without prejudice based on the procedural defects discussed in Section II, and the Court should direct GSL to provide a "particular description of the property" under C.R.C.P. 104(b)(3) and state the "actual value" under C.R.C.P. 104(j) as a condition to moving for relief under C.R.C.P. 104.

---

[2] Secondary authority states that the limited caselaw treating the issue of how to determine the amount of a C.R.C.P. 104(j) bond is "quite deferential to the plaintiff's valuation" of the property.  5A COLO. PRAC., HANDBOOK ON CIVIL LITIGATION § 12.4 (2010 ed.) (citing *Union Trust Co. v. Advance Loan Co.*, 483 P.2d 396 (Colo. App. 1971)).

DATED:  August 11, 2011

/s/ Ross W. Pulkrabek
Ross W. Pulkrabek
Lucas T. Ritchie
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO  80202
Telephone No.: (303) 573-1600
Facsimile No.: (303) 573-8133
Email:  rpulkrabek@joneskeller.com
lritchie@joneskeller.com
agoldhamer@joneskeller.com

*Attorneys for Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2011, a true and correct copy of the foregoing was filed and served by CM/ECF to the following:

Richard T. LiPuma
1635 Foxtail Drive
Loveland, CO 80538

/s/ Ross W. Pulkrabek

8