IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **GSL of ILL, LLC** )<br> )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>**CRAIG D. KROSKOB; LISA D. KROSKOB;** )<br>**KROSKOB FARMS, LLC; FREUND** )<br>**INVESTMENTS, LLC; DICK WOLFE** )<br>**AS STATE ENGINEER, COLORADO;** )<br>**DAVID NETTLES AS DIVISION 1** )<br>**WATER ENGINEER; CAP FINANCIAL** )<br>**CV2, LLC; ROBERT A. SAGEL AS** )<br>**PUBLIC TRUSTEE OF MORGAN** )<br>**COUNTY, COLORADO,** )<br> )<br>  Defendants. ) | **Case No. 2011 CV 00939-WYD-KMT** |

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER TO SHOW CAUSE**

Plaintiff GSL of ILL, LLC ("GSL"), by and through its attorneys, *LiPuma Law Associates, llc*, submits this Reply in support of its Motion for Entry of an Order to Show Cause as follows:

1. The Kroskobs' response is frivolous and appears to be filed for the purpose of delay. The Kroskobs accepted hundreds of thousands of dollars from GSL pursuant to lawful and valid financing arrangements, failed to pay what they promised to pay, are making no effort whatsoever to pay what they owe, and now are frivolously impeding legitimate collection efforts.

2. The replevin statute requires GSL to state in a verified complaint that it: owns the subject property or is entitled to possession; the property is being detained by the Kroskobs

1

against GSL's claim of right; a particular description of the property with a statement of its actual value and the location of the property; and that the property has not been taken for a tax assessment or fine.  Colo. R. Civ. P. 104(b).

3.      GSL's verified complaint meets each of these requirements.  *See* Verified Complaint ¶¶68-74, and Exhibits 1 and 4 (containing property lists particularly describing the property and stating its value).

4.      Upon the filing of such a complaint, the Court "*shall without delay*, examine the complaint and affidavit, and if satisfied that they meet the requirements of section (b), it **_shall_** issue an order directed to the Defendant to show cause why the property should not be taken from the defendant and delivered to the plaintiff."  Colo. R. Civ. P. 104(c) (emphasis added).

5.      Kroskobs falsely represent to the Court that GSL failed to include a particular description of the property in its verified complaint.  Response at 5-6.  The Kroskobs further falsely represent that the GSL property lists fail to state the property's value.  Id. at 6-7.  Exhibits 1 and 4 to the verified complaint contain detailed descriptions, including a statement of the value of each piece of property.

6.      Every other argument raised by the Kroskobs in their response is appropriately raised at the hearing on the order to show cause, as contemplated by subsection (g) of the replevin rule.  Colo. R. Civ. P. 104(g).  There is no authority whatsoever for denying GSL its right to issuance of an order to show cause based on its complaint.

7.      Kroskobs argument that GSL's motion should be denied because Rule 104(g) requires a threshold decision about whether this action is one in which a prejudgment possession order should be issued is frivolous.  Rule 104(g) requires a hearing before the Court can make

such a determination.  GSL has merely requested that hearing, as required by statute.  The Kroskobs' argument is frivolous in that there is no fair reading of Rule 104(g) that permits the Court to deny issuance of an order to show cause or the setting of a hearing to determine possession.

8. Kroskobs remaining argument, that they will be prejudiced by loss of possession of the property because they are using it for farming operations also is frivolous.  First, they can continue to use the property if they meet their contractual obligations by paying money owed to GSL.  Second, GSL is being prejudiced by the Kroskobs' continued use of the property without payment, because the property is losing value with each use.  Moreover, Kroskobs may have failed to meet other contractual obligations to protect the property, such as keeping the property insured.  Most importantly, regardless of the weight of prejudice to each party, that is an issue that should be discussed at a hearing *after* issuance of an order to show cause.  Potential prejudice to parties in default of contractual obligations is not a defense to issuance of an order to show cause.

9. The Kroskobs, after notice and a reasonable opportunity to respond, may be sanctioned for filing a response with no valid basis in law or fact, the sole purpose of which was to delay the proceedings.  *See* Fed. R. Civ. P. 11(c); *Chevron USA Inc. v. Hand*, 763 F.2d 1184, 1186 (10th Cir. 1985).  GSL has incurred approximately $2,500 in attorney fees and costs in responding to the Kroskobs' frivolous position on the pending motion.

WHEREFORE, GSL respectfully requests entry of an order to show cause, setting of a hearing before a district court judge to determine which party is entitled to possession of the disputed property during the pendency of this action, and, if the Kroskobs do not withdraw their

frivolous response objecting to such proceedings, an award of $2,500 as sanctions for violating Rule 11.

Dated: August 17, 2011.

Respectfully submitted,

*LiPuma Law Associates, llc*

*/s/ Richard LiPuma*

_____
Richard LiPuma, #17892
Attorney for Plaintiff, GSL of ILL, LLC
1635 Foxtrail Drive
Loveland, CO 80538
rich@rlipuma.com
(970) 776-3292 - Telephone
(970) 776-3301 - Facsimile

## Certificate of Service

I certify that the foregoing **Reply in Support of Motion for Entry of Order to Show Cause** was duly served on August 17, 2011, via CM/ECF or United States Mail, on the following:

Ross W. Pulkrabek
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202

*/s/ Richard LiPuma*

_____
Richard LiPuma