**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 11-cv-00939-WYD-KMT

GSL of ILL, LLC

    Plaintiff,

v.

CRAIG D. KROSKOB, ET AL.

    Defendants.

---

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF GSL'S MOTION FOR LEAVE TO APPEAR AT SETTLEMENT CONFERENCE BY TELEPHONE
(DOCKET # 33)**

---

Defendants Craig Kroskob, Lisa Kroskob, and Kroskob Farms, LLC (collectively, the "Kroskobs"), by and through their undersigned counsel, hereby submit this Brief in Opposition to Plaintiff GSL's Motion for Leave to Appear at Settlement Conference by Telephone ("Motion"), and state the following:

1. The settlement conference at issue in GSL of ILL, LLC's ("GSL") Motion was set by the Court on July 19, 2011, following the Court's conferral with counsel. Counsel for GSL was present at that conference. Docket # 20.

2. Concerning the settlement conference, the Court ordered that "client representatives with authority to settle **must be present**." Docket # 20 (emphasis added).

3. On September 13, 2011, counsel for the Kroskobs contacted counsel for GSL to suggest that the parties vacate and reschedule the settlement conference because of GSL's delay in producing the documents identified in its initial disclosures, which were due August 1, 2011.

Counsel for GSL indicated that his clients would oppose any request to reschedule the settlement conference due to the posture of this litigation. Ironically, GSL now seeks to have its representatives appear by telephone because of a scheduling conflict.

4. Numerous courts have forbidden telephonic appearances in a variety of situations. *See*, *e.g.*, *Raiser v. Brigham Young Univ.*, 297 F. App'x 750, 751 (10th Cir. 2008); *Mellott v. MSN Communications, Inc.*, 2010 WL 5110136 (D. Colo. Dec. 8, 2010); *People v. Varallo*, 61 P.3d 38, 41 (Colo. O.P.D.J. 2002) (appearance by telephone rather than in person "interfered with the procedures and function" of the court); *ClearOne Communications, Inc. v. Bowers*, 643 F.3d 735, 748 (10th Cir. 2011).

5. Indeed, the inconvenience of appearance in person may be outweighed by the "ceremony" of the courtroom "exert[ing] a powerful force for truthtelling," as well as the "great value in our tradition" of judging demeanor face-to-face. *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 2002 WL 32068971 (S.D.N.Y. Mar. 31, 2003) (quoting F.R.C.P. 43 advisory committee's note (1996 Amendment)).

6. Here, the Court explicitly ordered that the parties appear in person, and for good reason. By gathering the parties together in person, the Court is better able to assess litigation positions and attitudes and thereby facilitate a reasonable solution to this dispute, or at least propose procedures which will reduce the cost of litigation.

7. Contrary to GSL's assertion, the Kroskobs would be prejudiced by the failure of representatives from GSL to appear at the settlement conference in person. Most significantly, GSL's appearance by telephone will decrease the efficacy of the settlement conference and will lower the likelihood of reaching a settlement.

8. GSL filed this case in Colorado. GSL agreed to the date of the settlement conference. GSL rejected, for strategic reasons, the Kroskobs' offer to reschedule the settlement conference, which was only necessary due to GSL's failure to timely abide by its discovery obligations. GSL should not now be permitted to disregard the Court's order concerning personal appearances at the settlement conference to the Kroskobs' detriment.[1]

WHEREFORE, the Court should deny GSL's Motion.

DATED: September 22, 2011

/s/ *Aaron D. Goldhamer*
Ross W. Pulkrabek
Lucas T. Ritchie
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO  80202
Telephone No.: (303) 573-1600
Facsimile No.: (303) 573-8133
Email:  rpulkrabek@joneskeller.com
            lritchie@joneskeller.com
            agoldhamer@joneskeller.com

*Attorneys for Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC*

---

[1] The Kroskobs do not dispute that Rosh Hashanah is an important Jewish holiday. However, opportunities exist throughout the Denver metropolitan area to celebrate Rosh Hashanah. Undersigned counsel will, upon request, gladly send GSL's counsel information concerning Rosh Hashanah celebrations in and around the Denver area at which GSL's representatives will be welcome.

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| *Attorneys for Plaintiff* | rich@rlipuma.com | Richard T. LiPuma<br>1635 Foxtail Drive<br>Loveland, CO 80538 |
|---|---|---|

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

        *s/   Aaron D. Goldhamer*
        Aaron D. Goldhamer
        Attorneys for Defendants Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC
        **JONES AND KELLER, P.C.**
        1999 Broadway, Suite 3150
        Denver, CO 80202
        Telephone:        303-573-1600
        Fax:              303-573-8133
        E-mail:           agoldhamer@joneskeller.com