IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **GSL of ILL, LLC** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 2011 CV 00939-WYD-KMT** |
| ) | |
| **CRAIG D. KROSKOB; LISA D. KROSKOB;** ) | |
| **KROSKOB FARMS, LLC; FREUND** ) | |
| **INVESTMENTS, LLC; DICK WOLFE** ) | |
| **AS STATE ENGINEER, COLORADO;** ) | |
| **DAVID NETTLES AS DIVISION 1** ) | |
| **WATER ENGINEER; CAP FINANCIAL** ) | |
| **CV2, LLC; ROBERT A. SAGEL AS** ) | |
| **PUBLIC TRUSTEE OF MORGAN** ) | |
| **COUNTY, COLORADO,** ) | |
| ) | |
| Defendants. ) | |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff GSL of ILL, LLC ("GSL"), by and through its attorneys, *LiPuma Law Associates, llc*, pursuant to Fed. R. Civ. P. 7(b)(1), D.C.Colo.LCivR 7.1, moves for enforcement of the parties' settlement agreement as follows:

1. <u>Certificate</u>: Counsel for GSL has contacted the attorney for defendants Craig and Lisa Kroskob and Kroskob Farms, LLC (collectively the "Kroskobs"), who returned the call, but not when the undersigned was available. A second attempt to contact the Kroskobs' counsel was not yet successful. The undersigned will continue to attempt to reach the Kroskobs' attorney to discuss the relief requested herein.

2. In this action, GSL claims that it purchased certain specified farm equipment, and

1

that it leased the equipment to defendants Craig and Lisa Kroskob, and Kroskob Farms, LLC. Other Kroskob farm equipment was pledged to GSL as collateral securing a promissory note. Certain real property also was mortgaged to secure payment of the Kroskobs' obligations. The Kroskobs are in default on both leases and on the promissory note.

3. The parties entered into a settlement conference with Magistrate Tafoya on September 29, 2011. All matters at issue between the parties were settled, and the parties' settlement agreement was formally recorded in open court.

4. Under the settlement agreement, the Kroskobs were required to make an initial payment to GSL in the amount of $350,000.00 no later than October 15, 2011. Additional payments totaling another $350,000.00 were to be made over the course of one year. Further details regarding the settlement agreement are memorialized in Exhibit A.

5. GSL's counsel prepared written documents to memorialize the settlement agreement and presented the documents to the Kroskobs' attorney for comments or signatures. The Kroskobs neither objected to the forms prepared by GSL, nor signed the papers.

6. The Kroskobs have failed and refused to make the initial payment due under the settlement agreement.

7. On October 12, 2011, the Kroskobs, through counsel, contacted GSL to request modification of the settlement agreement whereby the Kroskobs would pay $650,000.00 to GSL in a lump sum on or before October 26, 2011, as a full and final settlement of all claims. GSL inquired whether the Kroskobs would pay $675,000.00 in a lump sum to complete the matter. Kroskobs counsel represented that the Kroskobs would agree to pay a lump sum of $675,000.00 to finally settle the matter. GSL then agreed to accept $675,000.00, if the Kroskobs would pay

$100,000.00 immediately to show their good faith in negotiating the modification, with the balance due on or before October 26, 2011.  Despite numerous requests, the Kroskobs have refused to confirm in writing whether they accept the modified agreement.  They have paid nothing.

        8.      The Kroskobs have breached the settlement agreement.

        9.      GSL requests immediate enforcement of the settlement agreement.  The Court should immediately enter Judgment in the amount of $700,000.00 in GSL's favor and against the Kroskobs, jointly and severally.  GSL also is entitled to entry of an order awarding to GSL possession of all of the personal property, vehicles and farm equipment at issue in this action, and further quieting title to the mortgaged property in GSL, with a declaration that GSL's interest is superior to all other interests of record recorded after the date the GSL Mortgage was recorded, April 6, 2007.  GSL is entitled to recover its costs and reasonable attorney fees, and interest on all sums owed by the Kroskobs.

WHEREFORE, GSL respectfully requests entry of Judgment and further orders as requested herein, as well as an award of costs, attorney fees, prejudgment interest, post-judgment interest, and any other relief necessary to enforce the agreement of the parties.

Dated October 22, 2011.

                                                   Respectfully submitted,

                                                   *LiPuma Law Associates, llc*

                                                   */s/ Richard LiPuma*
                                                   _____
                                                   Richard LiPuma, #17892
                                                   Attorney for Plaintiff, GSL of ILL, LLC
                                                   1635 Foxtrail Drive
                                                   Loveland, CO 80538
                                                   rich@rlipuma.com
                                                   (970) 776-3292 - Telephone
                                                   (970) 776-3301 - Facsimile

## Certificate of Service

     I certify that the foregoing **Motion to Enforce Settlement Agreement** was duly served on October 22, 2011, via CM/ECF or United States Mail, on the following:

        Ross W. Pulkrabek
        JONES & KELLER, P.C.
        1999 Broadway, Suite 3150
        Denver, Colorado 80202

                                                   */s/ Richard LiPuma*
                                                 _____
                                                 Richard LiPuma