## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 11-cv-00939-WYD-KMT

GSL of ILL, LLC

     Plaintiff,

v.

CRAIG D. KROSKOB, ET AL.

     Defendants.

---

## RESPONSE TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

---

     Defendants Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC (collectively "the Kroskobs"), by and through their counsel Jones & Keller, P.C., respond to Plaintiff's Motion to Enforce Settlement Agreement [Doc. #40] (hereinafter "Motion") as follows:

     1.    The enforceability of an oral settlement agreement allegedly reached at a settlement conference conducted by a federal magistrate judge is governed by the contract law of the state where the settlement conference takes place.  *See Shoels v. Klebold,* 375 F.3d 1054, 1060 (10th Cir. 2004) ("Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law."); *Brockman v. Sweetwater Country School Dist. No. 1,* 1994 WL 170795, Case No. 93-8052 (10th Cir. May 5, 1994), attached as Appendix A (applying Wyoming law to determine the formation and terms of a settlement reached through mediation in federal district court).

2.      Plaintiff's Motion relates to a mediation conducted in the State of Colorado—namely, a settlement conference on September 29, 2011, mediated by United States Magistrate Judge Kathleen Tafoya.  Therefore, Colorado law governs the issues raised in Plaintiff's Motion.

3.      The Dispute Resolution Act, Colo. Rev. Stat. §§ 13-22-301 – 313 (2011), applies to mediations in Colorado.  *See* § 13-22-312 (stating that the Dispute Resolution Act "shall apply to all mediation services or dispute resolution programs conducted in this state . . . .").

4.      Under the Dispute Resolution Act, all mediation communications are confidential.  *See* § 13-22-307.  Mediators and parties may not voluntarily disclose mediation communications unless all parties to the mediation and the mediator consent in writing.  *See* § 13-22-307(2)(a).  Mediation communications disclosed in violation of the Dispute Resolution Act are not admissible as evidence in any judicial proceeding. *See* § 13-22-307(3).  Mediation communications broadly include "any oral or written communication prepared or expressed for the purposes of, in the course of, or pursuant to, any mediation services proceeding."  *See* § 13-22-302(2.5).

5.      The notable exception to the Dispute Resolution Act's definition of mediation communications is "a final written agreement . . . which has been fully executed."  *See id.*  Thus, a written settlement agreement signed by the parties at mediation is admissible in a judicial proceeding.  Likewise, the Dispute Resolution Act provides that a settlement agreement reached at mediation may be enforced by a court if it is "reduced to writing and signed by the parties . . . ."  § 13-22-308(1).

6.     The Colorado Supreme Court addressed the interplay between sections 307 and 308 of the Dispute Resolution Act in *Yaekle v. Andrews,* 195 P.3d 1101 (Colo. 2008).  The court first differentiated the relief provided under section 308 of the Dispute Resolution Act from other means of enforcing an alleged settlement agreement. Section 308 allows a party to ask a court to reduce a written, signed settlement agreement to a court order, after which it may be enforced as a court order.  *See Yaekle,* 195 P.3d at 1108.  For example, if a written, signed settlement agreement is reduced to a court order, a party may enforce it through contempt proceedings.  *See id.* Section 308 does not, however, preclude the possibility of a party asserting a claim for breach of contract based on allegations of an oral settlement agreement reached at mediation.  *See id.* at 1107-1110.

7.     The Colorado Supreme Court further noted, however, that section 307 may prevent a party from proving the formation and terms of an oral settlement agreement reached at mediation.  The Dispute Resolution Act prohibits the use of mediation communications to prove the formation and terms of a settlement agreement. *See id.* at 1110-11.  As a result, the formation and terms of a settlement agreement reached through mediation must be proved, if at all, through admissible evidence, which does not include mediation communications.  *See id.*

8.     The Colorado Supreme Court recognized that "there may well be some cases wherein an agreement is reached among parties in mediation, but, because all mediation communications are protected as confidential, a binding contract cannot be proven."  *Id.* at 1110.  "In sum, section 307 of the Dispute Resolution Act protects as confidential those communications made in the presence or at the behest of the

mediator, and so may hinder the efficacy of common law contract principles under some circumstances." *Id.*

9.      In this case, Plaintiff asserts as follows: "The parties entered into a settlement conference with Magistrate Tafoya on September 29, 2011.  All matters at issue between the parties were settled, and the parties' settlement agreement was formally recorded in open court."  Motion ¶ 3.  As such, the settlement agreement alleged in Plaintiff's Motion falls squarely within the terms of the Dispute Resolution Act.

10.     Plaintiff proceeds to argue the formation and terms of a settlement agreement by relying on mediation communications.  However, those mediation communications are inadmissible.  *See* § 13-22-307(3).

11.     Although Plaintiff does not provide a transcript of the audio record made at the settlement conference on September 29, 2011, statements made on the audio record in the presence of and at the behest of Magistrate Judge Tafoya likewise are inadmissible mediation communications.  *See id.*

12.     The unsigned draft Settlement Agreement that Plaintiff attaches to its Motion postdates the mediation and, therefore, arguably is not itself a mediation communication.  *See* § 13-22-302(2.5); § 13-22-307(3).  However, to the extent that the unsigned draft Settlement Agreement recites an agreement reached through or during mediation, those recitals are inadmissible both as unauthorized disclosures of mediation communications, *see* § 13-22-307(3), and hearsay, *see* Fed.R.Evid. 802.  The unsigned draft Settlement Agreement also is inadmissible for the purpose of proving the existence or terms of an agreement because it is irrelevant.  *See* Fed.R.Evid. 402.  An unsigned draft of a contract, written by the party who seeks to enforce it, is not the least bit

4

probative of whether a non-signing party accepted that contract. *Cf. United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1223 (10th Cir. 2000) (forum selection clause in unsigned documents was "virtually irrelevant"). Much to the contrary, the fact that Plaintiff's counsel prepared a draft Settlement Agreement setting forth ten pages of recitals and terms without proof that the parties bargained for and agreed upon each of those terms, and the fact that the draft Settlement Agreement remains unsigned to this day, show a lack of agreement.

13.     Other than Exhibit A, which is inadmissible for the purposes offered, Plaintiff offers no evidence to support its Motion. The Motion itself is argument, not evidence. To the extent Plaintiff would seek to offer evidence of the formation or terms of a settlement, Defendants reserve their objections.

14.     Finally, Plaintiff argues that, on October 12, 2011, it offered "to accept $675,000.00, if the Kroskobs would pay $100,000.00 immediately to show their good faith . . . ." Motion ¶ 7. Plaintiff further argues that "the Kroskobs have refused to confirm in writing whether they accept the modified agreement" and that they "have paid nothing." *Id.* That argument is a concession that Defendants have not expressly or impliedly accepted the offer that Defendants made on October 12, 2011.

15.     In conclusion, the reasonableness or unreasonableness of the terms contained in Exhibit A is immaterial. The communications that took place during the settlement conference on September 29, 2011, are immaterial. Indeed, undersigned counsel's personal opinions are immaterial. Under the Dispute Resolution Act and *Yaekel*—the law that governs this issue and that counsel and the Court must follow without regard to the desirability of the outcome—the only thing that *is* material is

whether Plaintiff has proved the existence of an enforceable settlement agreement by admissible evidence.  Because Plaintiff has not met that burden, this Court must deny Plaintiff's Motion.

WHEREFORE, Defendants respectfully submit that this Court must deny Plaintiff's Motion.

DATED:  November 1, 2011

/s/ Ross W. Pulkrabek
Ross W. Pulkrabek
Lucas T. Ritchie
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO  80202
Telephone No.: (303) 573-1600
Facsimile No.: (303) 573-8133
Email:  rpulkrabek@joneskeller.com
lritchie@joneskeller.com
agoldhamer@joneskeller.com

*Attorneys for Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2011, a true and correct copy of the foregoing was filed and served by CM/ECF to the following:

Richard T. LiPuma
1635 Foxtail Drive
Loveland, CO 80538

/s/ Ross W. Pulkrabek