**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **GSL of ILL, LLC** )   | |
| )   | |
| Plaintiff, )   | |
| )   | |
| v. )   | **Case No. 2011 CV 00939-WYD-KMT** |
| )   | |
| **CRAIG D. KROSKOB; LISA D. KROSKOB;** )   | |
| **KROSKOB FARMS, LLC; FREUND** )   | |
| **INVESTMENTS, LLC; DICK WOLFE** )   | |
| **AS STATE ENGINEER, COLORADO;** )   | |
| **DAVID NETTLES AS DIVISION 1** )   | |
| **WATER ENGINEER; CAP FINANCIAL** )   | |
| **CV2, LLC; ROBERT A. SAGEL AS** )   | |
| **PUBLIC TRUSTEE OF MORGAN** )   | |
| **COUNTY, COLORADO,** )   | |
| )   | |
| Defendants. )   | |

---

**REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**

---

Plaintiff GSL of ILL, LLC ("GSL"), by and through its attorneys, *LiPuma Law Associates, llc*, respectfully submits this reply in support of its motion to enforce the settlement agreement reached by the parties on September 29, 2011.

1.      In their response (Doc. 43), defendants Craig and Lisa Kroskob and Kroskob Farms, LLC (the "Kroskobs") argue that the parties' settlement agreement, as recited into the record after the mediation session on September 29, 2011, is a confidential mediation communication and, therefore, not admissible to establish an enforceable settlement contract. The transcript of the parties' settlement agreement, however, is not a mediation communication, and was not communicated in confidence.  It is admissible, and it establishes that the parties

1

have a binding settlement agreement that should now be enforced.

2.      Colorado law prohibits disclosure of "any mediation communication or any communication provided in confidence to the mediator."  Colo. Rev. Stat. §13-22-307(2).

3.      "Mediation communication" is defined by statute, and expressly *excludes* "a final written agreement reached as a result of a mediation service proceeding or dispute resolution proceeding, which has been fully executed."  *Id*. §13-22-302(2.5).  GSL therefore may rely on the agreement reached through mediation if: (a) it is a final agreement; (b) it is in writing; and (c) it has been fully executed.

4.      The settlement agreement at issue here is a final agreement.  Under Colorado law, the essential elements of a settlement contract include mutual assent to an exchange between competent parties with regard to a certain subject matter for legal consideration.  *Indus. Prod. Int'l v. Emo Trans., Inc.*, 962 P.2d 93, 988 (Colo.App. 1987).  "In order for a settlement to be binding and enforceable, there must be a 'meeting of the minds' as to the terms and conditions of the compromise and settlement."  *H.W. Houston Constr. Co. v. District Court*, 632 P.2d 563, 565 (Colo. 1981).  "[T]he evidence must show that the parties agreed on all essential terms." *I.M.A. Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882. 888 (Colo. 1986).  The terms of the settlement agreement must be "clear, unambiguous and capable of enforcement."   *City and County of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1479 (D. Colo. 1993).  There is no dispute that all of these requirements are met by the settlement agreement at issue here.

5.      The transcript of the settlement agreement is a written agreement.  After completion of the mediation proceedings, the parties intentionally entered into a proceeding in open court (not required as part of the mediation session) for the sole and express purpose of

memorializing the terms of their settlement agreement, and their acknowledgment that they are bound to the agreement, in writing, or at least in a medium that could be reduced to and preserved as a writing. Although no Colorado court has explicitly stated whether the transcript of an open court proceeding memorializing a settlement agreement constitutes reduction of the agreement to "writing," courts in other jurisdictions have routinely held that such agreements are as written agreements and satisfy the statute of frauds. *See, e.g., TNT Properties, Ltd. v. Tri-Star Developers LLC*, 677 N.W.2d 94, 98-99 (Minn.App. 2004); *Snyder v. Tompkins*, 579 P.2d 994, 998 (Wash.App. 1978); *Kalman v. Bertacchi*, 373 N.E.2d 550, 556 (Ill.App. 1978). Moreover, the transcript of the record[1] is undisputedly a writing containing the full and complete agreement of the parties.

6.    The settlement agreement was fully executed. A settlement Agreement can be formed and found enforceable under common law contract principles. *Yaekle v. Andrews*, 195 P.3d 1101, 1107 (Colo. 2008). In *Yaekle*, the Colorado Supreme Court expressly rejected prior authority for the proposition that a settlement agreement must be *signed* by the parties. *Id., disapproving National Union Fire Ins. Co. Of Pittsburgh v. Price*, 78 P.3d 1138 (Colo.App. 2003). Instead, a settlement contract can be established without signatures, based on the conduct and oral statements of the parties. *Id., citing I.M.A., Inc. v. Rocky Mountain Airways, Inc*., 713 P.2d 882, 888 (Colo. 1987). "It is established that a signature is not always necessary to create a binding agreement." *Coors*, 813 F. Supp. at 1480, *quoting Presidential Motor Yacht Corp. v. President Marine, Ltd., 753 F. Supp.* 7, 13 (D.D.C. 1990). Here, the transcript of the settlement

---

[1]  Undersigned counsel has ordered the transcript of the settlement agreement, but does not yet have a copy to attach to this motion. Counsel will tender a copy to the Court and to the Kroskobs' attorney as soon as the transcript is received.

agreement recited into the record on September 29, 2011, shows unequivocally that the Kroskobs understood that they had made a binding settlement contract, and that they were bound by that agreement.  By expressly stating in open court that they understood and agreed to be bound by the settlement terms, the Kroskobs executed the agreement.

7.     The settlement agreement is not a communication provided in confidence to the mediator.  Confidentiality was waived when agreement was placed on the record in open court and publicly acknowledged by the parties.

8.     Colorado law favors compromise and settlement, and settlement agreements should be enforced by the courts.  *City and County of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1479 (D. Colo. 1993); *Gates Corp. V. Bando Chem. Indus., Ltd.*, 4 Fed.Appx. 676, 683 (10th Cir. 2001).  The Court has the power to summarily enforce settlement agreements entered into by the litigants while litigation is pending.  *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).

9.     Courts applying Colorado law have enforced settlement agreements read into the record in open court at the conclusion of a mediation or settlement conference.  *See, e.g., Rauch v. Sutphin Elec. Motors Corp.*, 2007 WL 184667 (D. Colo. 2007) (unpublished disposition, attached as Exhibit B); *Witherspoon v. Austin*, 54 F.3d 788, 1995 WL 307555 (10th Cir. 1995) (unpublished disposition, attached as Exhibit C); *cf., Royal v. Colorado State Personnel Bd.*, 690 P.2d 253, 255 (Colo. App. 1984) (enforcing settlement agreement read into the record during hearing on the merits).  Courts in other jurisdictions likewise have enforced such settlement agreements.  *See, e.g., Doi v. Halekulani Corp.,* 276 F.3d 1131, 1139 (9th Cir. (Hawai'i) 2002); *Brockman v. Sweetwater County School Dist. No. 1*, 25 F.3d 1055, 1994 WL 170795 (10th Cir.

4

(Wyo.) 1994)[2]; *Starr v. Roche*, 33 Fed.Appx. 432, 433-34 (10th Cir. (N.M.) 2002).

10. After mediation, outside the confidentiality of the mediation session and in open court on a public record, the parties entered into a final and binding settlement agreement, reduced it to writing by reciting the terms into the record in open court; and executed the agreement by express acknowledgment that they were bound. The transcript of the settlement is not a confidential "mediation communication" and is admissible to establish that the parties have an enforceable settlement contract.

WHEREFORE, GSL respectfully requests entry of Judgment and further orders as necessary to enforce the settlement agreement of the parties, plus an award of costs, attorney fees, prejudgment interest, post-judgment interest, and any other relief necessary to enforce the agreement of the parties.

Dated: November 8, 2011.

Respectfully submitted,

LiPuma Law Associates, llc

/s/ Richard LiPuma
_____
Richard LiPuma, #17892
Attorney for Plaintiff, GSL of ILL, LLC
1635 Foxtrail Drive
Loveland, CO 80538
rich@rlipuma.com
(970) 776-3292 - Telephone
(970) 776-3301 - Facsimile

---

[2] This unpublished decision was attached to the Kroskobs' Response (Doc 43) as Appendix A.

**Certificate of Service**

I certify that the foregoing **Reply in Support of Motion to Enforce Settlement Agreement** was duly served on November 8, 2011, via CM/ECF or United States Mail, on the following:

> Ross W. Pulkrabek
> JONES & KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, Colorado 80202

*/s/ Richard LiPuma*

_____
Richard LiPuma