IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00939–WYD–KMT

GSL OF ILL, LLC,

     Plaintiff,

v.

CRAIG D. KROSKOB;
LISA D. KROSKOB;
KROSKOB FARMS, LLC;
FREUND INVESTMENTS, LLC;
DICK WOLFE AS STATE ENGINEER, COLORADO;
DAVID NETTLES AS DIVISION 1 WATER ENGINEER;
CAP FINANCIAL CV2, LLC; and
ROBERT A. SAGEL AS PUBLIC TRUSTEE OF MORGAN COUNTY, COLORADO,

     Defendants.

**ORDER**

This matter is before the court on Plaintiff GSL of ILL, LLC's ("GSL") "Motion to Enforce Settlement Agreement." [Doc. No. 40, filed October 22, 2011] ("Mot."). Defendants Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC (collectively "the Kroskobs"), filed a response on November 1, 2011 [Doc. No. 43] ("Resp.") and Plaintiff filed its Reply on November 7, 2011 [Doc. No. 45]. The issue is ripe for review and ruling.

On September 29, 2011, the court held a Settlement Conference between the Kroskobs, a married couple who were each physically present individually and representing their farm entity and the corporate Plaintiff, represented in person at the conference by Norman Lynn. The parties, after approximately four hours of negotiations through the mediation assistance of the court, reached a settlement which was intended to resolve all matters between them.[1] Because of the late hour and prior commitments which precluded the court from continuing beyond 6:00 p.m., the parties agreed that instead of drafting a written document containing the essential terms of their settlement agreement, they would instead memorialize their agreement by placing the same on the official record of the court, captured by audio recording equipment regularly utilized in the Byron Rogers Federal Courthouse, Courtroom 201, Denver, Colorado.

The court opened proceedings at approximately 5:44 p.m. on September 29, 2011 for the sole purpose of making a permanent chronicle of the terms of the parties' agreement on the official court archive.[2] No part of the mediation which had taken place earlier in the day was so recorded. The terms of the settlement agreement were read into the record by Richard T. LiPuma, attorney for Plaintiff and were supplemented and clarified by Ross Pulkrabek, attorney for the Kroskob Defendants. The court personally addressed Craig D. Kroskob and Lisa D.

---

[1] Defendants Freund Investments, LLC, Dick Wolfe as State Engineer, Colorado, David Nettles as Division 1 Water Engineer, Cap Financial CV2, LLC, and Robert A. Sagel as Public Trustee of Morgan County, Colorado, did not appear at the conference and any claims involving these entities were neither resolved nor were they a matter of discussion.

[2] A transcript of the terms of the settlement agreement is in the process of preparation; the court has access to the audio recording itself made that evening and has referred to the same while considering this motion.

Kroskob, as well as Plaintiff's representative, Norman Lynn, and inquired if they each understood the terms of the settlement as read into the record and if those were the terms upon which they agreed to settle their case. Each of the Kroskobs, and both Craig D. Kroskob and Lisa D. Kroskob on behalf of Kroskob Farms, LLC, acknowledged and agreed to the terms of the agreement as put on the record by their attorneys.

Dismissal documents were due to be filed with the court on or before October 31, 2011. [Doc. No. 37.] No dismissal documents were filed by that date nor at any time thereafter.

Plaintiff asserts that pursuant to the settlement agreement, the Kroskobs were required to make an initial payment to GSL in the amount of $350,000.00 no later than October 15, 2011 and that additional payments totaling another $350,000.00 were to be made over the course of one year.[3] (Mot. at ¶ 4.) Plaintiff further states that no payment was made by the Kroskobs. (*Id*.) Plaintiff alleges that on or about October 12, 2011, three days before the anticipated initial Kroskob payment, the Kroskobs, through their counsel, proposed a modification of the terms of the settlement agreement, offering to pay a lump sum of $650,000.00 on or before October 26, 2011. (*Id*. at ¶ 7.) Plaintiff states that it did not accept this proposal but did agree to a lump sum payment of $675,000.00 if the Kroskobs' assent was accompanied by an immediate payment of $100,000.00, with the balance ($575,00.00) to be paid in full no later than October 26, 2011. (*Id*.) The Kroskobs did not assent to the $675,000.00 lump sum payment in writing and did not

---

[3] The court does not opine upon the terms of the settlement, the meaning or interpretation of those terms, nor does it reference or allude to any matters which may have been discussed during the mediation between the parties. The record made, once transcribed, will speak for itself.

tender $100,000.00.  (*Id.*)  The Plaintiff claims that to date the Kroskobs have not made any payments whatsoever to the Plaintiff.  (*Id.*)

The Kroskobs do not contest any of these factual assertions.  Rather, they rely simply upon the Colorado Dispute Resolution Act, Colo. Rev. Stat. §§ 13-22-301–313 (2011), for the proposition that since the terms of the settlement agreement post mediation were not in a writing, signed by all the parties, the settlement agreement is not binding.  (*See* Resp. at 2.)

*Analysis*

Colorado Revised Statutes, Section § 13-22-307, Confidentiality, provides

> (2) Any party or the mediator or mediation organization in a mediation service proceeding or a dispute resolution proceeding shall not voluntarily disclose or through discovery or compulsory process be required to disclose any information concerning any mediation communication or any communication provided in confidence to the mediator or a mediation organization, unless and to the extent that:
> (a) All parties to the dispute resolution proceeding and the mediator consent in writing; or . . . .

*Id.*  Further, the Dispute Resolution Act defines mediation communication as

> any oral or written communication prepared or expressed for the purposes of, in the course of, or pursuant to, any mediation services proceeding or dispute resolution program proceeding, including, but not limited to, any memoranda, notes, records, or work product of a mediator, mediation organization, or party; except that a written agreement to enter into a mediation service proceeding or dispute resolution proceeding, or a final written agreement reached as a result of a mediation service proceeding or dispute resolution proceeding, which has been fully executed, is not a mediation communication unless otherwise agreed upon by the parties.

C.R.S.A. § 13-22-302 (2.5).

Important to this case is Colo. Rev. Stat. §13-22-308, which provides as to settlement of

disputes

> (1) If the parties involved in a dispute reach a full or partial agreement, the agreement upon request of the parties shall be reduced to writing and approved by the parties and their attorneys, if any. If reduced to writing and signed by the parties, the agreement may be presented to the court by any party or their attorneys, if any, as a stipulation and, if approved by the court, shall be enforceable as an order of the court.

*Id.* It is on the bases of these provisions that the Kroskobs argue this court is precluded from enforcing the parties' settlement agreement. (Resp. at ¶ 6.) Further, they argue that "section 307 [of the Dispute Resolution Act] may prevent a party from proving the formation and terms of an oral settlement agreement reached at mediation. (Resp. at ¶ 7.)

It is well established that "issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004); *Evans-Carmichael v. United States*, 250 F. App'x 256, 262 (10th Cir. 2007). Pursuant to Colorado law, oral settlement agreements are enforceable. *South Carolina Insurance Company v. Fisher*, 698 P.2d 1369, 1372 (Colo. App. 1984); *Di-Francesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1248 (Colo. App. 2001); *Bell v. Nugent*, 955 P.2d 584, 589 (Colo. App. 1997)("A contract may be evidenced by showing that counsel had the authority to extend an offer and that the other party accepted it.") A writing is not necessary to create a binding settlement agreement. *Id.* Additionally, the Tenth Circuit has determined that a trial court has the power to enforce summarily a settlement agreement entered into by the litigants while the litigation is pending before it. *Shoels*, 375 F.3d at 1060.

In light of the apparent conflict between the Dispute Resolution Act and Colorado contract law, and in response to the requirements set forth in *National Union Fire Ins. Co. of Pittsburgh v. Price*, 78 P.3d 1138 (Colo. App. 2003)(an agreement reached during mediation can be an enforceable court order only if it is "reduced to writing and approved by the parties and their attorneys, if any."), the magistrate judges of this federal court, in an abundance of caution, routinely began reducing to writing settlement agreements reached during judicial settlement conferences (many of which had been traditionally entered orally on the record at the successful conclusion of the conference).[4]

In 2008, however, the Colorado Supreme Court eviscerated the stringent holding of *Price*. *See Yaekle v. Andrews*, 195 P. 3d 1101, 1108-09 (Colo. 2008). In *Yaekle*, the parties had signed a "basic terms of settlement" document provided by the mediator at the close of the mediation. *Id.* at 1104. Before a more comprehensive agreement was signed, the parties began renegotiating terms, ultimately reducing their negotiations to a proposed agreement. At the end of that renegotiation, the plaintiff refused to sign, exhibiting classic symptoms of "buyer's remorse." Utilizing common law contractual principles, the Supreme Court found not only that the "basic terms of settlement" were binding (a proposition with which neither party disagreed), but also that the renegotiated terms constituted a binding contract. Although the plaintiff had not signed any document containing the new terms, he had orally authorized his attorney to agree to

---

[4] The statute has not been applied in federal matters involving settlement agreements; however, the decisions addressing the statute discuss and apply Colorado common law of contracts in the mediation context and are helpful for that purpose.

them, which the Supreme Court found sufficient. *Id*. at 1111 ("Yaekle accepted the offer, as clearly shown through his counsel's representations to the court.").

As part of the *Yaekle* decision, the Colorado Supreme Court specifically repudiated the portion of the *Price* decision which held that a signed writing was the only manner of establishing a binding settlement agreement subsequent to mediation. *Id.* at 1108. The court found that Section 308 of the Dispute Resolution Act does not abrogate the common law of contracts in the context of mediation proceedings and, contrary to the *Price* holding, "did not mandate a single method that must be followed for the formation of a binding agreement [in] mediation. . . ." *Id*. The court construed common law contract principles along side the Dispute Resolution Act, holding that provisions of the Dispute Resolution Act outlining a process by which parties can turn an agreement reached during mediation into an enforceable court order merely provides a method – not the only method – for turning a mediated settlement agreement into enforceable order of court. *Id.* In fact, the *Yaekle* court noted that the "traditional tenets of common law contracts and settlement, which are sensitive to the requirements of justice, stand in stark contrast to those formulaic requirements imposed by an exclusive reading of section 308." *Id.* at 1107.

The Dispute Resolution Act notwithstanding, a settlement and compromise is a contract to end judicial proceedings, and accordingly, for it to be binding and enforceable, there must be a "meeting of the minds" as to its terms and conditions. *H.W. Houston Construction Co. v. District Court,* 632 P.2d 563, 565 (Colo. 1981). The Tenth Circuit has stated, "We construe a settlement stipulation in the same manner as a contract to determine how it should be enforced."

*Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981*, 836 F.2d 462, 465 (10th Cir. 1987).

Recently another magistrate judge on this court had occasion to address the dilemma now facing this court, albeit under somewhat different circumstances. *See Sun River Energy, Inc. v. Nelson*, Civil Action No. 11-cv-00198-MSK-MEH, 2011 WL 3924973, at *4 (D. Colo. Sept. 7, 2011.) In that case, Magistrate Judge Hegarty was presented with a motion to enforce a settlement agreement allegedly entered into orally by the parties at some time subsequent to a court mediated settlement conference. *Id*. at *2. Contrary to the instant action, wherein there is proof on the court record that at the time of the agreement all parties were in full agreement over the terms of the negotiated settlement, the parties in *Sun River* purportedly did not come to a full meeting of the minds concerning one term of their agreement. *Id.* In *Sun River*, as is true of this case, the parties had executed no written document setting forth the terms of their settlement. *Id.* at *4. Magistrate Judge Hegarty determined that the lack of a writing was not dispositive as to the existence of an enforceable settlement agreement when construing the common law of contracts together with the Dispute Resolution Act.[5] *Id.*

This court finds that Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC on one side and GSL of ILL, LLC on the other came to a full and complete meeting of the minds over the essential terms of their contract to resolve the litigation between them. The recorded terms of their agreement are admissible and probative of contract formation and interpretation.

---

[5] Eventually, the court held the *Sun River* settlement agreement to be unenforceable on the basis that the parties had not come to a "meeting of the minds" over one material term.

The settlement agreement, as it was placed on the record on September 29, 2011, is therefore a fully enforceable contract to terminate litigation.

It is therefore **ORDERED**

1. Plaintiff GSL of Ill., LLC's ("GSL") "Motion to Enforce Settlement Agreement" [Doc. No. 40] is **GRANTED**.

2. The Plaintiff shall ensure that the official transcription of the September 29, 2011 hearing is filed on the docket of this court forthwith.

3. Within five days of the filing of the official transcript, Plaintiff shall tender to the District Court a form of Judgment consistent with the terms as set forth in the transcription of the Settlement Agreement on September 29, 2011.

It is further **ORDERED**

4. Plaintiff's Motion for Entry of Order to Show Cause [Doc. No. 24] is **DENIED** as moot.

Dated this 3rd day of January, 2012.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge