**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-00939-WYD-KMT

**GSL of ILL, LLC**,

       Plaintiff,

  vs.

**CRAIG KROSKOB, et al.,**

       Defendants.

**SECOND SCHEDULING ORDER**

**1.  DATE OF CONFERENCE AND
APPEARANCES OF COUNSEL AND *PRO SE PARTIES***

The Scheduling Conference was held on February 16, 2012.  Plaintiff, GSL of ILL, LLC ("GSL") was represented by:

    Richard T. LiPuma
    *LiPuma Law Associates, llc*
    1635 Foxtrail Drive
    Loveland, Colorado 80538
    Telephone:     (970) 776-3292
    Facsimile:      (970) 776-3301
    E-mail: rlipuma@aol.com

Defendants Craig Kroskob, Lisa Kroskob and Kroskob Farms, LLC, (collectively the "Kroskobs") were represented by:

    Ross W. Pulkrabek
    JONES & KELLER, P.C.
    1999 Broadway, Suite 3150
    Denver, Colorado 80202
    Telephone:     (303) 573-1600
    Facsimile:      (303) 573-8133

     E-mail:rpulkrabek@joneskeller.com

Defendant Freund Investments, LLC ("Freund"), was represented by:

  Margaret Pflueger
  Campbell Killin Brittan & Ray, LLC
  270 St. Paul, Suite 200
  Denver, CO 80206
  Telephone: (303) 322-3400
  Facsimile: (303) 322-5800
  E-mail:mpflueger@ckbrlaw.com

The following defendants did not participate in the Scheduling Conference:

<u>State and Division Water Engineers</u>:  There are no claims involving this party in the action.  GSL shall voluntarily dismiss these defendants from this action.

<u>CAP Financial CV2, LLC</u>: There are no claims involving this party in the action.  GSL shall voluntarily dismiss these defendants from this action.

<u>Robert Sagel, Public Trustee of Morgan County</u>: The Morgan County Public Trustee was served on April 12, 2011, but no attorney has entered an appearance and no answer has been filed to date.

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) (diversity of citizenship).  Venue is appropriate pursuant to 28 U.S.C. §1331(a)(2).  Jurisdiction and venue are not contested.

## 3. STATEMENT OF CLAIMS AND DEFENSES

<u>Plaintiff</u>: GSL loaned money to the Kroskobs pursuant to a series of promissory notes and finance leases.  As security, the Kroskobs pledged real property and farm equipment.  The Kroskobs defaulted on all of their obligations and remain in default.  GSL seeks damages for breaches of the various financing contracts, and forecolsure and replevin of the collateral.

<u>Defendants Craig D. Kroskob, Lisa D. Kroskob and Kroskob Farms LLC</u>: This case arises from overreaching and predatory conduct by GSL in a series of farm equipment leases and loan transactions. GSL fraudulently induced the Kroskobs to enter into the loan transactions by materially misrepresenting the property to be pledged as security for the loans. Several documents attached to GSL's complaint that purport to identify the farm equipment pledged as collateral are not the same documents to which the Kroskobs agreed. Similarly, the Kroskobs never signed the mortgage attached to GSL's complaint, and indeed the mortgage is defective on its face inasmuch as it was notarized in violation of Colorado and/or Illinois law.

GSL is further barred from enforcing the loan documents in question due to its breaches of the covenants of good faith and fair dealing. GSL altered the loan documents without the Kroskobs' knowledge or consent, failed to apprise the Kroskobs of balances owed under the loan documents when asked to do so, overstated balances due, and refused to provide a reasonable accounting of balances due when requested.

As additional defenses, the Kroskobs assert that some or all of GSL's claims are barred by the applicable statutes of limitations, the statute of frauds, and GSL's unclean hands. The Kroskobs reserve the right to amend their pleadings to allege additional defenses, counterclaims, or third party claims.

<u>Defendant Freund Investments, LLC</u>:  By way of a Deed of Trust and a Quit Claim Deed granted to Freund as security for its loan to the Kroskobs, Freund has an interest in the real property GSL is seeking to foreclose through this action. Based on the Kroskobs allegations with regard to the invalidity of the instruments granting GSL a security interest in the real property at issue in this action and the affirmative defenses asserted by both Freund and the

3

Kroskobs to GSL's Complaint, Freund's rights to the real property at issue may be superior to those held by GSL through the mortgage it was allegedly granted by the Kroskobs.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:  The Kroskobs borrowed money from GSL and are in default.

## 5.  COMPUTATION OF DAMAGES

<u>Plaintiff</u>:   GSL has calculated its damages on the basis of the various contracts between the parties, the dates and amounts of payments that were made by the Kroskobs, and application of interest and fees as provided in the contract documents.  GSL computes its damages as $973,454.65 as of January 1, 2011.  Interest, costs and attorney fees also are owed and continue to accrue.  GSL also is entitled to foreclosure and sale of the subject real property and replevin and sale of all equipment pledged as collateral.

<u>Kroskob Defendants</u>: The Kroskobs have not yet asserted any counterclaims or third-party claims, but they reserve the right to do so.  The Kroskobs contest the amount of GSL's damages.  The Kroskobs also contest the validity of the instruments granting security interests in their real property and equipment.

<u>Defendant Freund</u>:  Freund has not yet asserted any counterclaims, cross-claims or third-party claims, but it reserves the right to do so.  Should GSL obtain a decree of foreclosure on the mortgage it allegedly obtained from the Kroskobs and if, as a result, Freund's security interest in the real property is extinguished, Freund could be damaged in the amount of the value of the real property.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY
### AND MEETING UNDER FED. R. CIV. P. 26(f)

Date of rule 26(f) meeting: February 29, 2012.

Names of each participant and party he represented:  Richard T. LiPuma representing GSL; Ross Pulkrabek representing the Kroskobs; Margaret Pflueger representing Freund.

Rule 26(a)(1) Disclosures were made by GSL and the Kroskobs.  Freund's Rule 26(a)(1) disclosures shall be made on or before March 21, 2012.  No other changes in the timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1) are anticipated.

There are no other agreements yet to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement.  The parties will continue to discuss informal discovery.

The parties anticipate that their claims and defenses will involve electronically stored information, and some of the disclosure or discovery will involve information or records maintained in electronic form. The parties shall make reasonable efforts to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.  No agreements have been reached yet for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records.

The parties have discussed the possibility of prompt settlement of the claims and defenses at issue in this action.  The parties anticipate scheduling a settlement conference to determine early whether the action can be resolved prior to incurring substantial litigation expenses.  The parties will continue to explore the possibility of early settlement.

### 7. CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

The parties do not anticipate any modification to the presumptive numbers of depositions or interrogatories contained in the Federal Rules of Civil Procedure. 10 depositions per side, excluding experts, and 25 interrogatories per side.

The parties do not propose any limitations on the length of depositions.

The parties do not propose any limitations on the number of requests for production and/or requests for admission.

### 9. CASE PLAN AND SCHEDULE

All prior deadlines are vacated.

Deadline for Joinder of Parties and Amendment of Pleadings: March 30, 2012.

Discovery Cut-off: August 31, 2012.

Dispositive Motion Deadline: September 15, 2012.

Expert Witness Disclosure:

    Anticipated fields of expert testimony:

<u>Plaintiff</u> – GSL may call experts in one or more of the following fields: forensic accounting; asset appraisal/valuation; handwriting/questioned document.

<u>Defendant</u> – The Kroskobs may call experts in one or more of the following fields: forensic accounting; asset appraisal/valuation; handwriting/questioned document; commercial lending practices and good faith and fair dealing in commercial loans and/or farm loans; notarization of documents. Freund may call experts in one or more of the following

6

fields: asset appraisal/valuation.

The parties are limited to one expert witnesses per party per area of expertise. Each party group shall be limited to 6 expert witnesses total.

The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P.26(a)(2) on or before June 30, 2012. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 31, 2012. Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the Court.

Deposition Schedule:

| Deponent | Date | Expected Length |
| --- | --- | --- |
| Craig Kroskob | TBD | 7 hours |
| Lisa Kroskob | TBD | 7 hours |
| Norman Lynn | TBD | 7 hours |
| GSL pursuant to Rule 30(b)(6) | TBD | 7 hours |
| Freund pursuant to Rule 30(b)(6) | TBD | 7 hours |
| Plaintiff's Experts | TBD | 7 hours each |
| Defendants' Experts | TBD | 7 hours each |
| Other Witnesses Identified Through Discovery | TBD | 7 hours each |

Pursuant to Fed.R.Civ.P. 33 the last day for any party to serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, is June 30, 2012.

Pursuant to Fed.R.Civ.P. 34 the last day for any party to serve upon any other party requests for production of documents and/or requests for admissions, not exceeding 25 in number, is June 30, 2012.

### 10.  DATES FOR FURTHER CONFERENCES

A settlement conference will be held on_____ at _____ o'clock ___.m.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.  Attorneys and client representatives with authority to settle must be present.  Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

Status conferences will be held in this case at the following dates and times:

_____

A final pretrial conference will be held in this case on November 15, 2012 at 10:00 a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

The parties dispute whether a settlement was achieved after mediation, and a motion to enforce settlement is pending.  The resolution of that motion will substantially affect the litigation.  If the settlement is not enforced, GSL has requested immediate entry of an Order to

8

Show Cause why the subject personal property and equipment should not be immediately turned over to GSL pursuant to its claim for replevin. A hearing should be scheduled at the Court's earliest opportunity. The parties are not aware of any other unresolved discovery or scheduling matters at this time.

The parties have agreed that discovery will not proceed until the earlier of the date of a ruling on the pending Kroskob objection to order enforcing settlement, or April 30, 2012.

Trial to a jury is anticipated to last 4 days.

The parties do not request that any pretrial proceedings be held in the District Court's Colorado Springs facility.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's

address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

Dated: March 7, 2012

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

| *s/ Richard T. Lipuma* | *s/ Ross W. Pulkrabek* |
|---|---|
| Richard T. LiPuma<br>Attorney for GSL<br>*LiPuma Law Associates, llc*<br>1635 Foxtrail Drive<br>Loveland, Colorado 80538<br>Telephone:     (970) 776-3292<br>Facsimile:      (970) 776-3301<br>E-mail:rlipuma@aol.com | Ross W. Pulkrabek<br>Attorney for the Kroskobs<br>Jones & Keller, P.C.<br>1999 Broadway, Suite 3150<br>Denver, Colorado 80202<br>Telephone:     (303) 573-1600<br>Facsimile:     (303) 573-8133<br>E-mail:rpulkrabek@joneskeller.com |

*s/ Margaret Pflueger*

_____
Margaret Pflueger
Attorney for Freund
Campbell Killin Brittan & Ray, LLC
270 St. Paul, Suite 200

Denver, CO 80206  
Telephone:     (303) 322-3400  
Facsimile:      (303) 322-5800  
E-mail:mpflueger@ckbrlaw.com