IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00939-WYD-KMT

GSL OF ILL, LLC,

     Plaintiff,

v.

CRAIG D. KROSKOB;
LISA D. KROSKOB;
KROSKOB FARMS, LLC;
FREUND INVESTMENTS, LLC;
DICK WOLFE AS STATE ENGINEER, COLORADO;
DAVID NETTLES AS DIVISION 1 WATER ENGINEER;
CAP FINANCIAL CB2, LLC; and
ROBERT A. SAGEL AS PUBLIC TRUSTEE OF MORGAN COUNTY, COLORADO,

     Defendants.

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendants Craig Kroskob, Lisa Kroskob and Kroskob Farms, LLC's (collectively "the Kroskobs") Objection to Order [Doc. #49] (ECF No. 52).  For the reasons stated below, the Kroskob's Objection is overruled and Magistrate Judge Tafoya's Order, dated January 3, 2012, is affirmed.

By way of background, on October 22, 2011, Plaintiff filed a Motion to Enforce Settlement Agreement (ECF No. 40).  On October 24, 2011, I referred the motion to Magistrate Judge Tafoya.  After briefing was complete, on January 3, 2012, Magistrate Judge Tafoya issued an Order granting the motion, which is incorporated herein by

reference. See 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. In the Order, Magistrate Judge Tafoya concluded that the settlement agreement, as it was placed on the record before her on September 29, 2011, is a fully enforceable contract to terminate litigation. (ECF No. 49, Order at 9).

II.     DISCUSSION

Since the Kroskobs' Objection was timely filed, I conduct a *de novo* review of Magistrate Judge Tafoya's conclusions to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

A.     Magistrate Judge Tafoya's Order

In April 2011, Plaintiff initiated this lawsuit grounded in diversity jurisdiction alleging six claims for relief including breach of contract, quiet title and replevin. On September 29, 2011, Magistrate Judge Tafoya held a settlement conference between the Kroskobs, a married couple who were each physically present individually and representing their farm entity. Also present was the corporate Plaintiff, who was represented in person by Norman Lynn. According to Magistrate Judge Tafoya's January 3, 2012 Order, after four hours of negotiations, the parties reached a settlement which was intended to resolve all matters between them.[1] Magistrate Judge Tafoya went on to explain that

> Because of the late hour and prior commitments

---

[1] Pursuant to Magistrate Judge Tafoya's Order, Defendants Freund Investments, LLC, Dick Wolfe as State Engineer, Colorado, David Nettles as Division 1 Water Engineer, Cap Financial CV2, LLC, and Robert A. Sagel as Public Trustee of Morgan County, Colorado, did not appear at the conference and any claims involving these entities were neither resolved nor were they a matter of discussion.

> which precluded the court from continuing beyond 6:00 p.m., the parties agreed that instead of drafting a written document containing the essential terms of their settlement agreement, they would instead memorialize their agreement by placing the same on the official record of the court, captured by audio recording equipment regularly utilized in the Byron Rogers Federal Courthouse, Courtroom 201, Denver, Colorado.
>
> The court opened proceedings at approximately 5:44 p.m. on September 29, 2011 for the sole purpose of making a permanent chronicle of the terms of the parties' agreement on the official court archive. No part of the mediation which had taken place earlier in the day was so recorded. The terms of the settlement agreement were read into the record by Richard T. LiPuma, attorney for Plaintiff and were supplemented and clarified by Ross Pulkrabek, attorney for the Kroskob Defendants. The court personally addressed Craig D. Kroskob and Lisa D. Kroskob, as well as Plaintiff's representative, Norman Lynn, and inquired if they each understood the terms of the settlement as read into the record and if those were the terms upon which they agreed to settle their case. Each of the Kroskobs, and both Craig D. Kroskob and Lisa D. Kroskob on behalf of Kroskob Farms, LLC, acknowledged and agreed to the terms of the agreement as put on the record by their attorneys.
>
> Dismissal documents were due to be filed with the court on or before October 31, 2011. [Doc. No. 37.] No dismissal documents were filed by that date nor at any time thereafter.

(Order at 2-3).

In the motion to enforce, Plaintiff asserts that pursuant to the settlement agreement, the Kroskobs were required to make an initial payment not later than October 15, 2011. The Kroskobs were also required to make additional payments over the course of one year. The Kroskobs have made no payments to date. (Order at 3-4).

The Kroskobs object to Magistrate Judge Tafoya's Order arguing that under the

Colorado Dispute Resolution Act, Colo. Rev. Stat. §§ 13-22-301-313, since the terms of the settlement agreement were not reduced to a writing signed by all parties, the settlement agreement is not binding.

In her Order, Magistrate Judge Tafoya noted that the Kroskobs' argument is grounded on the following provisions of the Colorado Dispute Resolution Act.

First, Colo. Rev. Stat. § 13-22-307, Confidentiality, provides in part:

> (2) Any party or the mediator or mediation organization in a mediation service proceeding or a dispute resolution proceeding shall not voluntarily disclose or through discovery or compulsory process be required to disclose any information concerning any mediation communication or any communication provided in confidence to the mediator or a mediation organization, unless and to the extent that:
>
>> (a) All parties to the dispute resolution proceeding and the mediator consent in writing; or . . . .

*Id.* Second, Colo. Rev. Stat. § 13-22-302 (2.5) defines mediation communication as

> any oral or written communication prepared or expressed for the purposes of, in the course of, or pursuant to, any mediation services proceeding or dispute resolution program proceeding, including, but not limited to, any memoranda, notes, records, or work product of a mediator, mediation organization, or party; except that a written agreement to enter into a mediation service proceeding or dispute resolution proceeding, or a final written agreement reached as a result of a mediation service proceeding or dispute resolution proceeding, which has been fully executed, is not a mediation communication unless otherwise agreed upon by the parties.

*Id.* Third, Colo. Rev. Stat. § 13-22-308 provides that with respect to the settlement of disputes,

> (1) If the parties involved in a dispute reach a full or partial

> agreement, the agreement upon request of the parties shall be reduced to writing and approved by the parties and their attorneys, if any. If reduced to writing and signed by the parties, the agreement may be presented to the court by any party or their attorneys, if any, as a stipulation and, if approved by the court, shall be enforceable as an order of the court.

*Id.* Finally, Magistrate Judge Tafoya stated that the Kroskobs also argue that Colo. Rev. Stat. § 13-22-307 may prevent a party from proving the formation and terms of an oral settlement agreement reached at mediation. (Order at 4-5).

In her Order, Magistrate Judge Tafoya highlighted the apparent conflict between the Colorado Dispute Resolution Act and Colorado contract law and noted that "the magistrate judges of this federal court, in an abundance of caution, routinely began reducing to writing settlement agreements reached during judicial settlement conferences (many of which had been traditionally entered orally on the record at the successful conclusion of the conference)." (Order at 6).

In support of her Order, Magistrate Judge Tafoya also relied on *Yaekle v. Andrews*, 195 P.3d 1101 (Colo. 2008). She noted that *Yaekle* expressly repudiated an earlier decision, *National Union Fire Ins. Co. of Pittsburgh v. Price*, 78 P.3d 1138 (Colo. App. 2003), which held that a signed writing was the only manner of establishing a binding settlement agreement subsequent to mediation. (Order at 7). The *Yaekle* Court found that Colo. Rev. Stat. § 13-22-308 of the Dispute Resolution Act does not abrogate the common law of contracts in the context of mediation proceedings and, contrary to the *Price* holding, "did not mandate a single method that must be followed for the formation of a binding agreement [in] mediation. . . ." *Yaekle,* 195 P. 3d at 1108.

Instead, the *Yaekle* Court construed common law contract principles in conjunction with the Dispute Resolution Act, holding that provisions of the Dispute Resolution Act outlining a process by which parties can turn an agreement reached during mediation into an enforceable court order merely provides a method—not the only method—for turning a mediated settlement agreement into an enforceable order of the court.  *Id.*; (Order at 7).  "In fact, the Yaekle court noted that the 'traditional tenets of common law contracts and settlement, which are sensitive to the requirements of justice, stand in stark contrast to those formulaic requirements imposed by an exclusive reading of section 308.'"  (Order at 7) (citing *Yaekle*, 195 P. 3d at 1107).

    B.    <u>Analysis</u>

Turning to my analysis, I note that "'[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.'"  *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)).  "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law."  *Id.* (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)).  In Colorado, "[i]n order for a settlement to be binding and enforceable, there must be a 'meeting of the minds' as to the terms and conditions of the compromise and settlement."  *H.W. Houston Constr. Co. v. District Court*, 632 P.2d 563, 565 (Colo. 1981).  "[T]he evidence must show that the parties agreed upon all essential terms."  *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986).

Under Colorado law, the essential elements of a contract include "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Indus. Prod. Int'l v. Emo Trans., Inc.*, 962 P.2d 983, 988 (Colo. Ct. App. 1997) (citation omitted). "An offer is a manifestation by one party of a willingness to enter into a bargain [and a]n acceptance is a manifestation of assent to the terms of the offer." *Id.* (citing Restatement (Second) of Contracts §§ 24, 32 (1979)).

Here, it is clear that the purported settlement agreement was not reduced to writing, thus the requirements of Colo. Rev. Stat. § 13-22-308 were not satisfied during the settlement conference conducted by Magistrate Judge Tafoya. Instead, the agreement was memorialized on the official Court record via the Court's audio recording equipment. Thus, having established that the alleged settlement is not enforceable as an order of the Court pursuant to § 13-22-308, my inquiry becomes whether it is enforceable as a contract applying common law principles.

Thus, I turn to § 13-22-307's confidentiality provisions in order to determine what evidence of contract formation I may consider. In her Order, Magistrate Judge Tafoya outlined the alleged agreement between the parties. After a four hour negotiation session, the parties, who were all physically present and represented by counsel, "reached a settlement which was intended to resolve all matters between them." (Order at 2). Accordingly, I find that the negotiations made during this four hour period are confidential mediation communications that remain protected and unavailable for my review. *See supra* at 4; Colo. Rev. Stat. §§ 13-22-302, 307.

However, Magistrate Judge Tafoya went on to explain that due to the late hour

-7-

and prior commitments that prevented her from continuing beyond 6:00 p.m. that day, "the parties agreed that instead of drafting a written document containing the essential terms of their settlement agreement, they would instead memorialize their agreement by placing the same on the official record of the court, captured by audio recording equipment regularly utilized" by the Court. (Order at 2). Next, Magistrate Judge Tafoya "opened proceedings at approximately 5:44 p.m. on September 29, 2011 for the sole purpose of making a permanent chronicle of the terms of the parties' agreement on the official court archive. No part of the mediation which had taken place earlier in the day was so recorded." (Order at 2).

In their Objections, the Kroskob's argue that all communications made on September 29, 2011 are confidential. I disagree. Pursuant to § 13-22-302(2.5), I find that the statements made at September 29, 2011 proceeding, which commenced at 5:44 p.m., are not protected mediation communications. Magistrate Judge Tafoya clearly stated that instead of drafting a written document, the limited purpose of the proceeding was to memorialize the essential terms of the parties' settlement agreement. The terms of the settlement agreement were read into the record by Plaintiff's counsel and were supplemented and clarified by the Kroskob's attorney. (Order at 2). Magistrate Judge Tafoya personally addressed the Kroskobs as well as Plaintiff's representative "and inquired if they each understood the terms of the settlement as read into the record and if those were the terms upon which they agreed to settle their case." (Order at 3). The Kroskobs individually acknowledged and agreed to the terms of the agreement as read in to the record by the attorneys. (Order at 3).

After a careful review, I find that this proceeding was understood by the parties as a binding and enforceable agreement, as evinced by the parties' own representations to the Court.  I further find that the proceeding did not include any communications expressed "for the purposes of, in the course of, or pursuant to" specific mediation proceedings.  *See* § 13-22-302(2.5).  Thus, the statements made during the September 29, 2011 proceeding, which commenced at 5:44 p.m. are not protected as confidential under  § 13-22-307, and are available for me to consider in connection with contract formation.

"'It is established that a signature is not always necessary to create a binding agreement.'"  *City and County of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1480 (D. Colo. 1993) (quoting *Presidential Motor Yacht Corp. v. President Marine, Ltd.*, 753 F. Supp. 7, 13 (D.D.C.1990)).  However, "a party is not bound by an oral agreement if it does not intend to be bound until a formal document is executed."  *Id.* at 1481.  When there is an oral agreement that has not been reduced to a formal writing, the party arguing against enforcement must demonstrate "either that both parties understood they were not to be bound until the executed contract was delivered, or that the other party should have known that the disclaiming party did not intend to be bound before the contract was signed."  *Id.*

To determine whether a party intended to be bound by an agreement before execution of written instrument, I must examine four factors:

> (1) whether the parties have stated an intention not to be bound absent an executed writing, (2) whether one party has performed partially and the other party has accepted such

> performance, (3) whether there are no issues left to be
> negotiated such that the signing of the contract is merely
> ministerial, and (4) whether the agreement concerns
> complex business matters such that a written agreement
> would be the norm, not the exception.

*Id.* (citing *PDL Vitari Corp. v. Olympus Indus., Inc.*, 718 F. Supp. 197, 206-07 (S.D.N.Y. 1989)).

Here, after considering the recorded terms of the parties' agreement made at the September 29, 2011 proceeding as probative evidence of contract formation, I find that the parties expressly stated an intention to be bound. Further, there has been no evidence of performance of the agreement, and I find that there are no outstanding issues to be negotiated. Finally, the agreement concerns complex business matters involving a substantial amount of money. Accordingly, I agree and find no error with Magistrate Judge Tafoya's conclusion that the parties came to a full and complete meeting of the minds over the essential terms of their contract to resolve the litigation between them. The Kroskob's Objections are overruled, and Magistrate Judge Tafoya's Order granting Plaintiff's Motion to Enforce Settlement Agreement is affirmed.

III.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Magistrate Judge Tafoya's Order dated January 3, 2012 (ECF No. 49) is **AFFIRMED.** The Kroskob's Objections (ECF No. 52) are **OVERRULED**.

Dated: March 12, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

-11-