IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| GSL of ILL, LLC ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2011 CV 00939-WYD-KMT |
| ) | |
| CRAIG D. KROSKOB; LISA D. KROSKOB; ) | |
| KROSKOB FARMS, LLC; FREUND ) | |
| INVESTMENTS, LLC; DICK WOLFE ) | |
| AS STATE ENGINEER, COLORADO; ) | |
| DAVID NETTLES AS DIVISION 1 ) | |
| WATER ENGINEER; CAP FINANCIAL ) | |
| CV2, LLC; ROBERT A. SAGEL AS ) | |
| PUBLIC TRUSTEE OF MORGAN ) | |
| COUNTY, COLORADO, ) | |
| ) | |
|     Defendants. ) | |

## JUDGMENT AND DECREE

Plaintiff GSL of Ill, LLC ("GSL"), is a lender who provides financial products and services to individuals and businesses. Defendants Craig D. Kroskob, Lisa D. Kroskob and Kroskob Farms LLC (collectively, the "Kroskobs") operate an agricultural business. GSL and the Kroskobs entered into certain transactions identified in GSL's records as Lease No. 56541, Lease No. 57389, and Promissory Note No. 58604 (the "Finance Transactions"). The Finance Transactions were secured by equipment, vehicles and other personal property used in the Kroskobs' business. The Finance Transactions also were secured by a Mortgage for real property located at 11491 County Road 12, Fort Morgan, CO 80701 (the "Property"). The Mortgage was recorded in Morgan County, Colorado, on April 6, 2007, at Reception No. 841905, and the

Property is more specifically described below.

The Kroskobs defaulted on their obligations under the Finance Transactions and related security agreements. GSL claimed that the Kroskobs owed more than one million dollars and brought this action against the Kroskobs for breaches of the Finance Transactions and related security agreements; judicial foreclosure of the Mortgage; declaratory judgment, quiet title to the Property; and replevin of the equipment, vehicles and other personal property used in the Kroskobs' farm operations. Kroskobs admitted default, but challenged the validity of the transactions and disputed the amount that was owed to GSL.

Because it sought foreclosure of the Property, GSL also named as defendants a number of parties who appeared to have interests of record in the Property, but whose interests were inferior to GSL's. These defendants include Freund Investments, LLC ("Freund"); Dick Wolfe as the Colorado Division of Water Resources State Engineer; David Nettles as the Colorado Division of Water Resources Division 1 Engineer; Cap Financial CV2, LLC; and Robert A. Sagel as the Public Trustee of Morgan County, Colorado. GSL served a summons and complaint on the Morgan County Public Trustee, but no answer was filed. Prior to serving a summons and complaint, GSL determined that the State and Division Engineers no longer claimed an interest in the Property, and gave notice that the claims against those parties were voluntarily withdrawn or dismissed. Similarly, GSL learned that Cap Financial CV2, LLC, had no interest in the Property and voluntarily withdrew or dismissed its claims against that entity by notice.

Freund filed an answer to GSL's complaint. The Kroskobs executed a quit claim deed on January 28, 2011, purporting to convey the Property to Freund. The quit claim deed was recorded in Morgan County on February 2, 2011, at Reception No. 866821. Freund asserts an

2

interest in the Property superior to GSL's only to the extent the GSL Mortgage is determined to be invalid. The Kroskobs claimed that the Mortgage was improperly executed and notarized.

On September 29, 2011, GSL and the Kroskobs mediated and reached a complete settlement of all claims. After the conclusion of the mediation, the parties wished to prepare and sign a written agreement, but because of the late hour and the court's prior commitments, the parties agreed instead to memorialize their agreement by placing it on the official record of the court, captured by audio recording equipment regularly used for court proceedings. The court opened proceedings for the sole purpose of making a permanent chronicle of the terms of the settlement agreement on the official court archive. All parties, including the Kroskobs, stated on the record that they understood the settlement terms as set forth in the record, and they acknowledged and agreed that such terms constituted their agreement to terminate the litigation. The terms of the settlement were as follows:

1. GSL would dismiss all claims against the Kroskobs in exchange for the other obligations and consideration agreed to between the parties;

2. The Kroskobs would pay to GSL $700,000 over one year, including an initial payment of $350,000 on or before October 15, 2011; then $100,000 on or before January 1, 2012; $100,000 on or before April 1, 2012; $100,000 on or before July 1, 2012; and a final payment of $50,000 on or before October 1, 2012. All payments were to be made with good funds, including wire transfer, cashiers check or cash.

3. Upon receipt of the initial payment, GSL would release all claims to the equipment, vehicles and other personal property, which the Kroskobs would keep free and clear of all liens and claims by GSL;

4. The Kroskobs agreed to execute a confession of judgment in the amount of $350,000 to secure the payments that were to be made over time, and GSL agreed to stay execution of the judgment as long as payments were current and not in default.

5. The Kroskobs agreed to separately satisfy any debt that they owed to Freund, to obtain from Freund a quit claim deed returning the Property to the Kroskobs, and to record such quit claim deed in the Morgan County records within 30 days after the settlement agreement, or by October 19, 2012. Failure to record a quit claim deed conveying the Property from Freund to the Kroskobs is an event of default.

6. The Kroskobs reaffirmed the Mortgage recorded in Morgan County, Colorado, on April 6, 2007, at Reception No. 841905.

7. The Kroskobs agreed to execute a deed conveying the Property to GSL. The deed was to be held in escrow and delivered to GSL upon a default by the Kroskobs on any of the payments required by the settlement agreement.

8. GSL agreed to provide to the Kroskobs written notice of any default, and the Kroskobs would have ten (10) days to cure any such default. Notice was to be in writing, but could include an electronic communication.

9. After receiving the final payment, GSL was required to: (a) file a release and satisfaction of the confessed judgment; (b) record in the Morgan County records a release and satisfaction of the Mortgage; and (c) the escrowed deed to the Property would be returned to the Kroskobs.

10. GSL and the Kroskobs mutually released all other claims and causes of action against one another, apart from enforcement of their rights and obligations under the settlement

agreement.

After entering into the settlement agreement, the Kroskobs refused to perform their obligations, and have never made even the initial payment contemplated by the parties. GSL filed a motion to enforce the settlement agreement (doc. 40), seeking judgment for $700,000 jointly and severally against the Kroskobs; possession of the farm equipment vehicles and other personal property; quiet title to the Property; plus costs, attorney fees and interest.

In their response to the motion (doc. 43), the Kroskobs argued that, under Colo. Rev. Stat. §§13-22-301-313, the settlement agreement placed on the court record is a confidential mediation communication and was not properly reduced to writing and executed so as to constitute an enforceable contract for the termination of litigation. GSL's motion was referred to Magistrate Judge Kathleen M. Tafoya, who granted GSL's motion (doc. 49). The Kroskobs objected to the Magistrate's ruling (doc. 52), but the objection was overruled on *de novo* review by Chief Judge Wiley Y. Daniel, and the Magistrate's ruling was affirmed (doc. 61).

GSL has given notice of default to the Kroskobs, and default was not cured within ten days after receiving notice of default. The Court now enters judgment upon the settlement agreement of the parties.

IT IS HEREBY ORDERED AND DECREED:

JUDGMENT is hereby entered in favor of GSL and against Craig D. Kroskob, Lisa D. Kroskob and Kroskob Farms, LLC, jointly and severally, in the amount of $700,000. Interest shall accrue at 8% per annum from October 15, 2011, until paid in full.

JUDGMENT is hereby entered in favor of GSL and against Craig D. Kroskob, Lisa D. Kroskob and Kroskob Farms, LLC, jointly and severally, for immediate possession of the

equipment, vehicles and other personal property listed in Exhibit A. The Kroskobs shall deliver the equipment, vehicles and other personal property to GSL within 10 days after the date of this order. In the event the Kroskobs fail to deliver said property, the Sheriff of Morgan County, Colorado, shall take from the Kroskobs or their agents all of the property described in Exhibit A and immediately deliver said property to GSL. A certified copy of this Judgment and Decree shall constitute authority to the Sheriff to proceed as directed. Proceeds from sale of the equipment, vehicles and other personal property listed in Exhibit A shall be applied first to costs of storage and sale, then to accrued interest on the $700,000 judgment, then to reduce the $700,000 judgment.

THE COURT DECREES that GSL of ILL, LLC, is the owner of the following described real property located at 11491 County Road 12, Fort Morgan, CO 80701 :

> The E ½ NW ¼ of Section 17, Township 3 North, Range 58 West of the 6th P.M., Morgan County, Colorado, EXCEPT that portion dedicated as a County Road, more particularly described as follows: A parcel of land in the E1/2 of Section 17, Township 3 North, Range 58 West of the 6th P.M., Morgan County, Colorado described as commencing at a point on the South right of way line of County Road Q, 30.0 feet South and 190.0 feet West of the Northeast corner of said # ½ NW ¼; thence N89°52'18"W 30.0 feet South of and parallel to the North line of said E ½ NW ¼ along said County Road Q right of way line, 1143.2 feet, more or less to a point on the West line of said E ½ NW ¼; thence South along said line 10.0 feet; thence S89°52'18" 40.0 feet South of and parallel to said North line of E ½ NW ¼, 1143.2 feet, more or less; thence Northerly 10.0 feet to the point of beginning, AND EXCEPT that parcel of land conveyed to Nathan G. Midcap and Jolynn E. Midcap recorded in Book 1175 at page 958.
>
> TOGETHER with a 30 foot easement for ingress and egress running along the East line of a parcel of land in the NE ¼ NW ¼ of Section 17, Township 3 North, Range 58 West of the 6th P.M., as reserved in deed recorded in Book 1175 at page 958, and as

>shown on exemption survey pint recorded in Book 1175 at pages 214 and 215.
>
>Also known and numbered as: Property in Morgan County, Fort Morgan, CO 80701
>
>Which has the common address of 14000 Bock of Rd. Q, ("Property Address"), and Parcel # 122717000013.

Title to the described real property is hereby quieted in GSL of Ill, LLC.  Craig D. Kroskob, Lisa D. Kroskob, Kroskob Farms LLC, Freund Investments LLC, and any person claiming to have an interest in the property that was acquired on or after April 6, 2007, shall hereafter have no right, title or interest whatsoever in or to the described real property or any portion thereof.  The Kroskobs hereby are forever enjoined from asserting any claim, right, title or interest in or to the described real property or any part thereof.  The Notice of *Lis Pendens* dated April 21, 2011, recorded in the Morgan County records on April 26, 2011, at reception number 868307, and all other *lis pendens* recorded against the described real property pursuant to any complaint filed in this action are hereby released and terminated.  Proceeds from sale of the described real property shall be applied first to costs of sale, the to accrued interest, then to reduce the $700,000 Judgment.

    THE COURT HEREBY DISMISSES WITH PREJUDICE all other claims, defenses, and counterclaims that were asserted or that could have been asserted in this action, which were mutually released by the parties' settlement agreement.

    COSTS AND REASONABLE ATTORNEY FEES are hereby awarded to GSL for enforcement of the settlement agreement.  Within ten days after this Judgment and Decree is entered, GSL shall provide a statement of costs and attorney fees to the Kroskobs.  The Kroskobs

shall reimburse such costs and attorney fees within ten (10) days after receiving GSL's statement of costs and attorney fees. If there is a dispute regarding the costs or reasonableness of the attorney fees, GSL shall file a motion for entry of further orders along with a copy of the statement of costs and reasonable attorney fees.  Apart from costs and fees incurred in GSL's enforcement of the settlement agreement, the parties shall bear their own respective costs and attorney fees for all other matters related to this action.

     Dated: _____, 2012.

                                             BY THE COURT:

                                             _____
                                             Wiley Y. Daniel
                                             Chief United States District Judge