## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 11-cv-00939-WYD-KMT

GSL of ILL, LLC

     Plaintiff,

v.

CRAIG D. KROSKOB, ET AL.

     Defendants.

---

## MOTION TO AMEND JUDGMENT AND DECREE [DOC. #63] / OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT AND DECREE [DOC. #62]

---

Pursuant to Fed.R.Civ.P. 60, Defendants Craig Kroskob, Lisa Kroskob, and Kroskob Farms LLC move for reconsideration / amendment of the Court's Judgment and Decree [Doc. #63], and object to Plaintiff's proposed Judgment and Decree [Doc. #62] as follows:

### CERTIFICATE OF CONFERRAL

1.     Undersigned counsel certifies that he made reasonable, good faith efforts under the circumstances to confer with counsel for Plaintiff before filing this motion. Particularly, undersigned counsel contacted Plaintiff's counsel's office and was informed that Plaintiff's counsel was out of the office but was checking voice messages and email.  Undersigned counsel left a voice message requesting a return call or email to confer about this motion.  Undersigned counsel then sent Plaintiff's counsel a detailed email setting forth the Kroskobs' position regarding this motion and requesting a

response by telephone or email by the close of business.  As of the time of this filing, Plaintiff's counsel has not responded.  Because the Judgment and Decree [Doc. #63] states that the Kroskobs are immediately divested of title to real property that is important to their livelihood, and because the Judgment and Decree further orders them to take considerable action within the next 10 days, the Kroskobs have determined that it is important to file this motion today.  In the seemingly unlikely event that Plaintiff agrees that its proposed Judgment and Decree [Doc. #62] conflicted with the transcript of the parties' settlement conference [Doc. # 56] and stipulates that the Judgment and Decree should be modified, the Kroskobs will supplement this filing accordingly.

## BACKGROUND

2.     At a scheduling conference held on March 7, 2012, Magistrate Judge Tafoya ordered in pertinent part as follows: "Plaintiff will file a form of judgment consistent with the terms contained in the settlement agreement transcript in compliance with part 3 of this court's Order [Doc. No. 49, filed January 3, 2012] on or before March 14, 2012."  Courtroom Minutes / Minute Order [Doc. #50] at 2.  Magistrate Judge Tafoya did not provide a deadline for the Kroskobs to submit objections to Plaintiff's proposed order.

3.     Plaintiff's filed and served its proposed form of Judgment and Decree [Doc. #62] on March 15, 2012.  The Court entered the Judgment and Decree [Doc. #63] today, March 23, 2012.  Both are inconsistent with the transcript of the parties' settlement conference [Doc. #56].  The Kroskobs had not yet filed objections to Plaintiff's proposed Judgment and Decree [Doc. #62] when the Court entered the Judgment and Decree [Doc. #63].

2

**EQUIPMENT**

4.     A significant inconsistency between the transcript of the settlement

conference and the Judgment and Decree concerns surrender of the equipment

referenced at Exhibit A to Plaintiff's Proposed Judgment and Decree [#62].  The

transcript [Doc. #56] states, "As part of the settlement, the Kroskobs will keep all of the

equipment that's at issue in the case free and clear."  Transcript at 3:17-19.  The

Judgment and Decree [Doc. #63] (as well as the proposed Judgment and Decree [Doc.

#62]), however, state as follows:

> Upon receipt of the initial payment, GSL would release all claims to the
> equipment, vehicles and other personal property, which the Kroskobs
> would keep free and clear of all liens and claims by GSL.

Judgment and Decree [Doc. #63] at 4.  Likewise, the Judgment and Decree provides in

pertinent part:

> Judgment is hereby entered in favor of GSL and against Craig D. Kroskob,
> Lisa D. Kroskob and Kroskob Farms, LLC, jointly and severally, for
> immediate possession of the equipment, vehicles and other personal
> property listed in Exhibit A.  The Kroskobs shall deliver the equipment,
> vehicles and other personal property to GSL within 10 days after the date
> of this order.  In the event the Kroskobs fail tot deliver said property, the
> Sheriff of Morgan County, Colorado, shall take from the Kroskobs or their
> agents all of the property described in Exhibit A and immediately deliver
> said property to GSL.  A certified copy of this Judgment and Decree shall
> constitute authority to the Sheriff to proceed as directed.  Proceeds from
> the sale of the equipment, vehicles and other personal property listed in
> Exhibit A shall be applied first to costs of storage and sale, then to
> accrued interest on the $700,000 judgment, then to reduce the $700,000
> judgment.

Judgment and Decree [Doc. #63] at 6.  The portions of the Judgment and Decree in

block-quotes above are inconsistent with the transcript [Doc. #56] because, the

transcript states that the Kroskobs are to keep all of the equipment at issue in the case

3

free and clear.  At no time did the parties agree that equipment would be delivered to

Plaintiff.  An important reason why the Kroskobs would never and could never have

agreed to deliver all such equipment to Plaintiff is that they always have maintained

Plaintiff's Exhibit A is overbroad, lists equipment owned by third parties, and lists

equipment that no longer exists.  The Judgment and Decree therefore orders the

Kroskobs to perform acts that they cannot perform and that no party at the settlement

conference ever contemplated would be performed.  Therefore, the Judgment and

Decree [Doc. #63] should be amended to omit those portions quoted in this paragraph.

5.      Also, to the extent granting possession of the equipment identified in

Exhibit A is intended as a form of execution on the judgment, the Kroskobs object.  With

few exceptions not applicable here, "no execution may issue on a judgment, nor may

proceedings be taken to enforce it, until 14 days have passed after its entry."

Fed.R.Civ.P. 62(a).

## **REAL PROPERTY**

6.      The parties never agreed to quiet title to real property in Plaintiff's name.

The pertinent terms as set forth on the transcript are as follows:

(a)      The Kroskobs would satisfy whatever debt they owe to Freund

Investments;

(b)      The Kroskobs would obtain and record a quitclaim deed from

Freund Investments within 30 days;

(c)      The Kroskobs reaffirm a second mortgage recorded by Plaintiff on

the property; and

(d)      The Kroskobs would prepare a deed to Plaintiff to be held in escrow

and only delivered in the event of default.

Transcript [Doc. #56] at 3:24 – 4:18.

7.      Therefore, the following parts of the Judgment and Decree [Doc. #63] (and

Plaintiff's proposed Judgment and Decree [Doc. #62] are inconsistent with the terms

reflected on the transcript:

THE COURT DECREES that GSL of ILL, LLC, is the owner of the
following described real property located at 11491 County Road 12, Fort
Morgan, CO 80701 :

The E 2 NW 3 of Section 17, Township 3 North, Range 58
West of the 6th P.M., Morgan County, Colorado, EXCEPT
that portion dedicated as a County Road, more particularly
described as follows: A parcel of land in the E1/2 of Section
17, Township 3 North, Range 58 West of the 6th P.M.,
Morgan County, Colorado described as commencing at a
point on the South right of way line of County Road Q, 30.0
feet South and 190.0 feet West of the Northeast corner of
said # 2 NW 3; thence N89 52'18"W 30.0 feet South of and
parallel to the North line of said E 2 NW 3 along said County
Road Q right of way line, 1143.2 feet, more or less to a point
on the West line of said E 2 NW 3; thence South along said
line 10.0 feet; thence S89 52'18" 40.0 feet South of and
parallel to said North line of E 2 NW 3, 1143.2 feet, more or
less; thence Northerly 10.0 feet to the point of beginning,
AND EXCEPT that parcel of land conveyed to Nathan G.
Midcap and Jolynn E. Midcap recorded in Book 1175 at
page 958.

TOGETHER with a 30 foot easement for ingress and egress
running along the East line of a parcel of land in the NE 3
NW 3 of Section 17, Township 3 North, Range 58 West of
the 6th P.M., as reserved in deed recorded in Book 1175 at
page 958, and as shown on exemption survey pint recorded
in Book 1175 at pages 214 and 215.

Also known and numbered as: Property in Morgan County,
Fort Morgan, CO 80701 Which has the common address of

14000 Bock of Rd. Q, ("Property Address"), and Parcel # 122717000013.

Title to the described real property is hereby quieted in GSL of Ill, LLC. Craig D. Kroskob, Lisa D. Kroskob, Kroskob Farms LLC, Freund Investments LLC, and any person claiming to have an interest in the property that was acquired on or after April 6, 2007, shall hereafter have no right, title or interest whatsoever in or to the described real property or any portion thereof. The Kroskobs hereby are forever enjoined from asserting any claim, right, title or interest in or to the described real property or any part thereof.

Judgment and Decree [Doc. #63] at 6-7.

8.      Assuming for the sake of argument that the Court may grant specific performance as a remedy to enforce the parties' alleged settlement agreement, and thereby order the Kroskobs to give GSL a quitclaim deed to the real property as security for payment of the $700,000.00 money judgment, this is not the same as quieting title to the property in Plaintiff's name.

9.      Further, the parties never discussed forever enjoining the Kroskobs from asserting any claim, right, title or interest in or to the real property.  Under the literal wording of the Court's order, the Kroskobs would be prohibited from re-acquiring the property in the future.  Regardless of whether Plaintiff acquires title to the property, there is no factual or legal justification for "forever" enjoining the Kroskobs from asserting any claim, right, title or interest in the property.  Certainly, the transcript of the parties' settlement conference does not provide a basis for a broad and permanent injunction.

10.     The Kroskobs respectfully submit that the text of the Judgment and Decree quoted in paragraph 7 should be replaced with the following:

THE COURT DECREES that the Kroskobs reaffirm GSL of ILL, LLC's second mortgage on the following real property located in Morgan County, Colorado.

> The E 2 NW 3 of Section 17, Township 3 North, Range 58 West of the 6th P.M., Morgan County, Colorado, EXCEPT that portion dedicated as a County Road, more particularly described as follows: A parcel of land in the E1/2 of Section 17, Township 3 North, Range 58 West of the 6th P.M., Morgan County, Colorado described as commencing at a point on the South right of way line of County Road Q, 30.0 feet South and 190.0 feet West of the Northeast corner of said # 2 NW 3; thence N89 52'18"W 30.0 feet South of and parallel to the North line of said E 2 NW 3 along said County Road Q right of way line, 1143.2 feet, more or less to a point on the West line of said E 2 NW 3; thence South along said line 10.0 feet; thence S89 52'18" 40.0 feet South of and parallel to said North line of E 2 NW 3, 1143.2 feet, more or less; thence Northerly 10.0 feet to the point of beginning, AND EXCEPT that parcel of land conveyed to Nathan G. Midcap and Jolynn E. Midcap recorded in Book 1175 at page 958.

> TOGETHER with a 30 foot easement for ingress and egress running along the East line of a parcel of land in the NE 3 NW 3 of Section 17, Township 3 North, Range 58 West of the 6th P.M., as reserved in deed recorded in Book 1175 at page 958, and as shown on exemption survey pint recorded in Book 1175 at pages 214 and 215.

> Also known and numbered as: Property in Morgan County, Fort Morgan, CO 80701 Which has the common address of 14000 Bock of Rd. Q, ("Property Address"), and Parcel # 122717000013.

The Court further decrees that within 14 days of the date of this order, the Kroskobs shall tender a quitclaim deed conveying their title to the above real property to Plaintiff; except, however, that the deed need not be tendered in the event the Kroskobs satisfy the money judgment in favor of Plaintiff.

This language would be consistent with the terms set forth on the transcript, without

creating the problems discussed herein.

## INTEREST

11.      The Judgment and Decree [Doc. #63] and proposed Judgment and

Decree [Doc. #62] provide for an award of interest at 8% per annum from October 15,

2011, until the judgment is paid in full.  *See* Judgment and Decree [Doc. #63] at 6;

Proposed Judgment and Decree [#62] at 6.  The federal post-judgment interest rate for

a judgment entered in a civil case is "calculated from the date of the entry of the

judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield,

as published by the Board of Governors of the Federal Reserve System, for the

calendar week proceeding the date of the judgment."  28 U.S.C. § 1961.  The terms

stated on the transcript of the parties' mediation proceedings [Doc. #56] do not provide

for any interest on the $700,000 figure; rather, the transcript states that the $700,000

would be paid by periodic payments without interest.  *See* Transcript [Doc. #56] at 3:7-

16.  Moreover, an award of 8% interest on the $700,000 beginning October 15, 2011,

violates 28 U.S.C. § 1961.  Therefore, the Kroskobs submit that interest on the

$700,000 judgment should commence on March 23, 2012, and should be at the rate

specified by 28 U.S.C. § 1961.  There is a material difference between interest at a rate

of 8% beginning October 15, 2011 and interest at the rate permitted under 28 U.S.C.

§ 1961 beginning March 23, 2011.

## ATTORNEY FEES

12.      The Judgment and Decree [#63] and proposed Judgment and Decree

[Doc. #62] provide for an award of attorneys' fees to Plaintiff "for enforcement of the

settlement agreement."  Judgment and Decree [#63] at 7; proposed Judgment and

Decree [#62] at 7.  Nothing in the transcript of the parties' mediation proceedings [Doc.

#56] provides for an award of attorneys' fees.  There is no basis for award of Plaintiff's

attorneys' fees.  Under the American Rule, in the absence of an express statute, court

rule, or private contract to the contrary, attorneys' fees are not recoverable.  *E.g.,*

*Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 269, 95 S.Ct. 1612,

1627 (1975); *Allstate Ins. Co. v. Huizar,* 52 P.3d 816, 818 (Colo. 2002).

13.     Therefore, the Judgment and Decree, at pages 7-8, should be amended

as follows:

> COSTS ~~AND REASONABLE ATTORNEYS FEES~~ are hereby awarded to
>
> GSL for enforcement of the settlement agreement.  Within ten days after
>
> this Judgment and Decree is entered, GSL shall provide a statement of
>
> costs ~~and attorneys fees~~ to the Kroskobs shall reimburse such costs ~~and~~
>
> ~~attorney fees~~ within ten (10) days after receiving GSL's statement of costs
>
> ~~and attorney fees~~.  If there is a dispute regarding the costs ~~or~~
>
> ~~reasonableness of the attorney fees~~, GSL shall file a motion for entry of
>
> further orders along with a copy of the statement of costs ~~and reasonable~~
>
> ~~attorney fees~~.  Apart from costs ~~and fees~~ incurred in GSL's enforcement of
>
> the settlement agreement, the parties shall bear their own respective costs
>
> and attorney fees for all other matters related to this action.

The Kroskobs agree that taxable costs related to Plaintiff's enforcement of the alleged

settlement agreement are allowable.

### FED.R.CIV.P. 60 PROVIDES FOR AMENDMENT OF THE JUDGMENT

14.     For the reasons set forth above, the Court may and should provide relief

from the Judgment and Decree under Fed.R.Civ.P. 60.  Whether one classifies the

errors raised in this motion as "clerical errors", *see* Fed.R.Civ.P. 60(a), "mistake," *see* Fed.R.Civ.P. 60(b)(1), "misrepresentation" by Plaintiff, *see* Fed.R.Civ.P. 60(b)(3), or "any other reason that justifies relief," *see* Fed.R.Civ.P. 60(b)(6), is immaterial; and, indeed, the errors raised in this motion fit well into any one or all of these categories for which Fed.R.Civ.P. 60 provides for amendment of a judgment.  It would be manifestly unjust for Plaintiff, having prevailed on its Motion to Enforce Settlement Agreement, to then procure a judgment that goes well beyond the terms of the alleged agreement that Plaintiff sought to enforce.

## RESERVATION OF OBJECTIONS

15.     This filing addresses only the Kroskobs' objections to the Judgment and Decree [Doc. #63] and Plaintiff's proposed Judgment and Decree [Doc. #62].  Nothing herein should be construed as a waiver of Plaintiff's objections to the Motion to Enforce Settlement Agreement [Doc. #40], the Order [Doc. #49] granting said motion, or the Order [Doc. #61] affirming that order.  The Kroskobs reserve their rights to appeal both orders.

WHEREFORE Defendants Craig Kroskob, Lisa Kroskob, and Kroskob Farms LLC respectfully request that the Court amend its Judgment and Decree [Doc. #63] as set forth herein.

DATED:  March 23, 2012

/s/ Ross W. Pulkrabek
Ross W. Pulkrabek
Lucas T. Ritchie
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO  80202
Telephone No.: (303) 573-1600
Facsimile No.: (303) 573-8133
Email:  rpulkrabek@joneskeller.com
        lritchie@joneskeller.com
        agoldhamer@joneskeller.com

*Attorneys for Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2012, a true and correct copy of the foregoing was filed and served by CM/ECF to the following:

Richard T. LiPuma
1635 Foxtail Drive
Loveland, CO 80538

Richard O. Campbell
William C. Brittan
Margaret Pflueger
Campbell Killin Brittan & Ray, LLC
270 St. Paul Street #200
Denver, CO 80206

/s/ Ross W. Pulkrabek