IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **GSL of ILL, LLC** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2011 CV 00939-WYD-KMT |
| ) | |
| **CRAIG D. KROSKOB; LISA D. KROSKOB;** ) | |
| **KROSKOB FARMS, LLC; FREUND** ) | |
| **INVESTMENTS, LLC; DICK WOLFE** ) | |
| **AS STATE ENGINEER, COLORADO;** ) | |
| **DAVID NETTLES AS DIVISION 1** ) | |
| **WATER ENGINEER; CAP FINANCIAL** ) | |
| **CV2, LLC; ROBERT A. SAGEL AS** ) | |
| **PUBLIC TRUSTEE OF MORGAN** ) | |
| **COUNTY, COLORADO,** ) | |
| ) | |
| Defendants. ) | |

---

**GSL'S RESPONSE TO MOTION TO AMEND JUDGMENT AND DECREE**

---

Plaintiff GSL of ILL, LLC ("GSL"), by and through its attorneys, *LiPuma Law Associates, llc*, responds to defendants Craig Kroskob, Lisa Kroskob and Kroskob Farms, LLC's (collectively, the "Kroskobs'") Motion to Amend Judgment and Decree/Objections to Plaintiff's Proposed Judgment and Decree [doc 64] as follows:

1. The Court entered its Judgment and Decree [doc 63] on March 23, 2012.

2. On March 26, 2012, the Kroskobs filed their objections and a motion to amend the judgment pursuant to Rule 60, based on clerical errors, mistakes, misrepresentations, or any other reason justifying relief. *See* Fed. R. Civ. P. 60. GSL concedes that there are mistakes in

1

...

the Judgment and Decree relating to the award of post-judgment interest and attorney fees, which should be corrected. The balance of the motion should be denied.

## STANDARD OF REVIEW

3. Rule 60(a), relating to clerical errors, is inapplicable. The rule allows a court to correct only mistakes that were not intended, not to correct something that was deliberately done, but later determined to be wrong. *Craddock v Craddock*, 149 F.3d 1249, 1254 n.4 (10th Cir. 1998); *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980).

4. Relief under Rule 60(b) is extraordinary and may be granted only in exceptional circumstances. *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996). Rule 60(b) is not a substitute for appeal, and relief is allowed only if the judge has made a substantive mistake of law or fact in making the judgment. *Id*. The allegation of fraud against GSL applies only if the Kroskobs have showed with clear and convincing evidence that GSL intended to defraud the Court through a deliberately planned and carefully executed scheme. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). However, the Court has discretion to correct mistakes of fact or law that are timely brought to its attention. *Security Mut.*, 621 F.2d at 1067.

5. Here, GSL acknowledges that the provision regarding post-judgment interest in its proposed judgment and decree [doc 62] was based on a mistake of law, and the attorney fee provision was based on a mistake of fact. The Court's final Judgment and Decree [doc 63] should be modified as set forth below. For the reasons stated herein, the balance of the Kroskobs' motion should be denied.

**EQUIPMENT**

6.  The Judgment and Decree provides that GSL shall recover possession of the equipment, vehicles and other personal property that was the subject of this action.  Judgment and Decree [doc 63] at 4.   At the time of the settlement, GSL's motion for replevin [doc 24] was pending.  That motion was dismissed, not on the merits, but solely because it was rendered moot by the parties' settlement agreement.

7.  In consideration for the cash payments due under the settlement agreement, GSL agreed that, "*As part of the settlement*, the Kroskobs will keep all of the equipment that's at issue in the case free and clear..." Settlement Transcript [doc 52] at 3:17-19 (emphasis added). Nothing in the settlement agreement states that the Kroskobs could keep the equipment if they repudiated and failed to satisfy their obligations to pay cash as provided in the settlement agreement.

8.  The equipment provision in the settlement agreement–permitting the Kroskobs to keep the equipment free and clear as part of the settlement–was an executory accord.  An executory accord arises when a party (here, GSL) agrees to accept a stated performance (here, payment of cash) in satisfaction of the obligor's existing duty (here, delivery of the equipment to GSL in replevin).  Under an accord, the original duty is merely suspended, not discharged.  The original duty may be discharged upon satisfaction of the alternate obligation.  However, upon breach of the alternate obligation, the obligee has the option to enforce the original duty.  *See* Restatement (2d) Contracts § 281; *Hinkle v. Basic Chemical Corp.*, 163 Colo. 408, 411, 431 P.2d 14, 15-16 (1967) (promissory note given to settle open account was an executory accord and did not discharge the original claim unless and until the note was satisfied); *see also Zenith Drilling*

*Corp. v. Internorth, Inc.*, 869 F.2d 560, 563 (10th Cir. (Okl.) 1989) (agreement to amend drilling rig leases was an executory accord, and upon lessee's breach of amended obligations, lessor could recover under the original contracts).  "[A]n accord without satisfaction is not a bar" to enforcement of the original duty.  *Hinkle*, 431 P.2d at 413.

9. Here, the parties made clear that the Kroskobs could have the equipment only to the extent they performed their obligations under the settlement agreement.  They repudiated the agreement, and now GSL is entitled to enforce the original duty–delivery of possession of the equipment as partial satisfaction of the confessed money judgment.  *See DeVilliers v. Atlas Corp.*, 360 F.2d 292, 295 (10th Cir. (N.M.) 1966) (where settlement was repudiated and not performed, original obligations could be enforced).  To the extent the obligation to deliver equipment was not perfected in the prior proceedings, GSL should be allowed, as part of the enforcement of the settlement agreement, to reinstate the motion for entry of an order to show cause why the equipment should not be delivered to GSL.

## REAL PROPERTY

10. The Court's Judgment and Decree correctly awards title in the subject real property to GSL, and quiets GSL's title against any interest in the property "acquired on or after April 6, 2007."  Judgment and Decree [doc 63] at 7.

11. The Kroskobs complain that the parties did not agree to quiet title to the real property in GSL.  But, they did.

12. In the parties' settlement agreement, the Kroskobs first agreed to reaffirm GSL's mortgage interest in the property, which had been contested in this action.  Settlement Transcript [doc 56] at 4:12-14.  The GSL mortgage was signed by the Kroskobs on March 29, 2007, and

4

recorded in the Morgan County records on April 6, 2007.  Exhibit 1.

13. After reaffirming the GSL mortgage, the Krokobs agreed to execute a deed conveying the Property to GSL.  This deed was to be held in escrow, and delivered to GSL in the event of a default by the Kroskobs of their obligations under the settlement agreement.  Settlement Transcript at 4:14-18.  Therefore, there is no question that GSL was entitled to conveyance and title to the Property in the event of default by the Kroskobs.

14. The Kroskobs defaulted.  A default is effective upon written notice and the Kroskobs' failure to cure any default within ten days.  GSL gave sufficient notice, and an opportunity to cure, by filing its motion to enforce the settlement agreement [doc 40] and by separate written notice.  Exhibit 2.  The Kroskobs failed to cure their defaults within ten days.

15. Thus, under the express terms of the settlement agreement, GSL is now entitled to a deed conveying the property, and priority over any other interests recorded after April 6, 2007.  Because the Kroskobs' numerous defaults included failure to execute a deed conveying the property, GSL appropriately sought a decree quieting its title in the property against the Kroskobs and any other party asserting an interest obtained after April 6, 2007.  This Court properly granted GSL's motion to enforce the settlement agreement, and correctly conveyed and quieted the title to and in GSL.

16. The Kroskobs' argument that the Court's Judgment and Decree is a broad form of injunction prohibiting the Kroskobs from ever obtaining an interest in the Property is frivolous.  The quiet title decree forever precludes the Kroskobs from claiming an interest under any *existing* instrument or claim.  Nothing in the Judgment and Decree prohibits the Kroskobs from obtaining a new interest in the future upon sufficient consideration.

17.     Finally, the Court should decline the Kroskobs' invitation for further delay. They ask the Court to require *them* to execute a deed. It is not clear why, or how they think a quitclaim deed would differ in effect from the Court's decree that the property is conveyed. The decree relieves any uncertainty, as it specifies that the Kroskobs shall no longer have any right, title or interest in the Property. The decree also relieves uncertainty about the date of GSL's priority of interest, which would be unclear if the Kroskobs now executed a quitclaim deed not mentioning their reaffirmance of GSL's 2007 mortgage. The Kroskobs' objections should be overruled, and their motion denied.

## INTEREST

18.     The Court's Judgment and Decree awards a monetary judgment for GSL in the amount of $700,000, and provides that interest shall accrue at 8% per annum from October 15, 2011, until paid in full. Judgment and Decree [doc 63] at 6.

19.     The Kroskobs argue that 28 U.S.C. § 1961 governs the award of interest. They are partially correct.

20.     GSL's undersigned counsel prepared the proposed judgment and decree [doc 62] with the understanding that the settlement contract was formed under Colorado state law, and that Colorado law would govern its enforcement. *See, e.g.*, Order [doc 61] at 6 (federal court's analysis of formation and construction of settlement agreement is governed by state law). Colorado law provides for interest, including both pre-judgment and post-judgment interest, of 8% commencing from the date money was first wrongfully withheld. Colo. Rev. Stat. § 5-12-102. The proposed decree was based on this state statute.

21.     It is well settled that pre-judgment interest in federal diversity jurisdiction cases is

6

awarded pursuant to state law. *Bangert Bros. Const. Co. v. Kiewit Western Co.*, 310 F.3d 1278, 1297 (10th Cir. 2002); *Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1156 (10th Cir. 2000).

22. However, upon further investigation, it appears that post-judgment interest is governed by federal law, not state law. *Everaard v. Hartford Acc. and Indem. Co.*, 842 F.2d 1186, 1193 (10th Cir. 1988).

23. Therefore, the 8% pre-judgment interest rate applies to the sum of $350,000 from October 15, 2011 (the deadline for the Kroskobs' initial $350,000 payment) until March 23, 2012 (the date of the Judgment and Decree). The applicable federal interest rate (.2%) applies to the entire judgment after March 23, 2007.

### ATTORNEY FEES

24. GSL's motion to enforce the parties' settlement included a claim for attorney fees, as set forth in a draft settlement agreement that had not been signed by the parties. The transcribed settlement agreement [doc 52], however, does not include a provision for recovery of attorney fees upon default. Therefore, GSL concedes that the modifications to the Judgment and Decree suggested in the Kroskobs' Motion [doc 64] at 9 ¶ 13 are appropriate.

WHEREFORE, GSL respectfully requests modification of the Court's Judgment and Decree pertaining to interest and attorney fees, as stated herein. The balance of the motion should be denied, and objections overruled.

Dated: April 6, 2012.

Respectfully submitted,

*LiPuma Law Associates, llc*

*/s/ Richard LiPuma*
_____
Richard LiPuma, #17892
Attorney for Plaintiff, GSL of ILL, LLC
1635 Foxtrail Drive
Loveland, CO 80538
rich@rlipuma.com
(970) 776-3292 - Telephone
(970) 776-3301 - Facsimile

**Certificate of Service**

I certify that the foregoing **GSL's Response to Motion to Amend Judgment and Decree** was duly served on April 6, 2012, via CM/ECF or United States Mail, on the following:

Ross W. Pulkrabek
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202

William C. Brittan, Esq.
CAMPBELL KILLIN BRITTAN & RAY, LLC
270 St. Paul Street, Suite 200
Denver, CO 80206

*/s/ Richard LiPuma*
_____
Richard LiPuma