IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 11-cv-00939-WYD-KMT

GSL of ILL, LLC

    Plaintiff,

v.

CRAIG D. KROSKOB, ET AL.

    Defendants.

---

**REPLY IN SUPPORT OF MOTION TO AMEND
JUDGMENT AND DECREE**

---

Defendants Craig Kroskob, Lisa Kroskob, and Kroskob Farms LLC ("the Kroskobs") submit the following reply in support of their Motion to Amend Judgment and Decree [Doc. #64]:

1.    The Court ordered Plaintiff to "file a form of judgment consistent with the terms contained in the settlement agreement transcription . . . ." *See* Courtroom Minutes/Minute Order [Doc. #59] at 2; *see also* Order [Doc. #49] at 9, *affirmed by* Order [Doc. #61]. Because Plaintiff elected to enforce that transcript as a binding agreement, the Judgment and Decree must be consistent with the transcript. A plaintiff alleging breach of a settlement agreement must elect between affirming the entire agreement or rescinding the entire agreement; there is no middle ground of partial affirmation and partial rescission. "Having affirmed the settlement contract, [the plaintiff] may not also

avoid the burdens of that contract." *Trimble v. City and County of Denver,* 687 P.2d 716, 723 (Colo. 1985).

## EQUIPMENT

2. The transcript which Plaintiff has enforced states, "As part of the settlement, the Kroskobs will keep all of the equipment that's at issue in the case free and clear." Transcript [Doc. #56] at 3:17-19. The transcript shows that the Kroskobs' right to keep the equipment was unconditional.

3. If Plaintiff receives the benefits of a settlement while avoiding the burdens, then it improperly receives a double recovery.

4. Moreover, as the Kroskobs have emphasized throughout this case, they never had the right to give Plaintiff all of the equipment that it listed on its Exhibit A to the Judgment and Decree. Some equipment is owned by non-parties to this case, and other equipment is subject to first liens by non-parties. By proposing a form of judgment that erroneously gives it ownership of all of the property listed on Exhibit A, Plaintiff improperly accomplished what it never could have achieved either at trial or by settlement.

5. In its response, Plaintiff argues that, because the alleged settlement agreement was executory, it "has the option to enforce the original duty." Response at 3 ¶ 8. However, because Plaintiff elected the remedy of enforcing the alleged settlement agreement, it necessarily abandoned any remedy it might have pursued by

disaffirming that agreement, including an order requiring the Kroskobs to deliver the equipment listed on Exhibit A to the Judgment and Decree.[1]  *Trimble,* 687 P.2d at 723.

6.  For the foregoing reasons, the following text on page 6 of the Judgment and Decree should be removed:

> Judgment is hereby entered in favor of GSL and against Craig D. Kroskob, Lisa D. Kroskob and Kroskob Farms, LLC, jointly and severally, for immediate possession of the equipment, vehicles and other personal property listed in Exhibit A.  The Kroskobs shall deliver the equipment, vehicles and other personal property to GSL within 10 days after the date of this order.  In the event the Kroskobs fail to deliver said property, the Sheriff of Morgan County, Colorado, shall take from the Kroskobs or their agents all of the property described in Exhibit A and immediately deliver said property to GSL.  A certified copy of this Judgment and Decree shall constitute authority to the Sheriff to proceed as directed.  Proceeds from the sale of the equipment, vehicles and other personal property listed in Exhibit A shall be applied first to costs of storage and sale, then to accrued interest on the $700,000 judgment, then to reduce the $700,000 judgment.

Judgment and Decree [Doc. #63] at 6.

### REAL PROPERTY

7.  The transcript shows that the Kroskbos never agreed to permanently "quiet title" in Plaintiff's name.  To the contrary, the Kroskobs agreed "to reaffirm a *second* mortgage that currently exists to GSL with respect to" the real property, to obtain a quitclaim deed from Defendant Freund Investments, LLC and then place a quitclaim deed to Plaintiff in escrow as security for the $700,000 payment.  Transcript at 4:3-18 (emphasis added).

8.  The distinction matters because the transcript reflects only an agreement to secure the Kroskobs' $700,000 in payments with a second mortgage on the real

---

[1] It bears repeating that Plaintiff never had a right to all of the equipment listed on its Exhibit A.

property and to buy out Freund Investment's interest; it was not an agreement to quiet title to the property in Plaintiff's name.

9. Further, the Kroskobs could not have agreed to quiet title in Plaintiff's name because, as Plaintiff states in its complaint, Freund Investments, LLC has an interest in the property. *See* Verified Complaint [Doc. #1] ¶¶ 43-44.

10. Given that Plaintiff requested enforcement of the terms stated on the transcript, the Judgment and Decree should permit Plaintiff to proceed with foreclosure on Plaintiff's second mortgage on the property. In other words, Plaintiff may proceed with its power of sale under that mortgage. That second mortgage is recorded with the Clerk and Recorder of Morgan County at reception number 841905.[2] The Court should not quiet title in Plaintiff's name, nor should it permanently enjoin the Kroskobs from ever having an interest in the property.

11. For the foregoing reasons, the Judgment and Decree should be amended as follows:

> THE COURT DECREES that the Kroskobs reaffirm GSL of ILL, LLC's second mortgage on the following real property located in Morgan County, Colorado.
>
> > The E 2 NW 3 of Section 17, Township 3 North, Range 58 West of the 6th P.M., Morgan County, Colorado, EXCEPT that portion dedicated as a County Road, more particularly described as follows: A parcel of land in the E1/2 of Section 17, Township 3 North, Range 58 West of the 6th P.M., Morgan County, Colorado described as commencing at a point on the South right of way line of County Road Q, 30.0 feet South and 190.0 feet West of the Northeast corner of said # 2 NW 3; thence N89 52'18"W 30.0 feet South of and

---

[2] A copy of the mortgage is attached as Exhibit 7 to Plaintiff's Verified Complaint [Doc. #1].

4

> parallel to the North line of said E 2 NW 3 along said County Road Q right of way line, 1143.2 feet, more or less to a point on the West line of said E 2 NW 3; thence South along said line 10.0 feet; thence S89 52'18" 40.0 feet South of and parallel to said North line of E 2 NW 3, 1143.2 feet, more or less; thence Northerly 10.0 feet to the point of beginning, AND EXCEPT that parcel of land conveyed to Nathan G. Midcap and Jolynn E. Midcap recorded in Book 1175 at page 958.
>
> TOGETHER with a 30 foot easement for ingress and egress running along the East line of a parcel of land in the NE 3 NW 3 of Section 17, Township 3 North, Range 58 West of the 6th P.M., as reserved in deed recorded in Book 1175 at page 958, and as shown on exemption survey pint recorded in Book 1175 at pages 214 and 215.
>
> Also known and numbered as: Property in Morgan County, Fort Morgan, CO 80701 which has the common address of 14000 Bock of Rd. Q, ("Property Address"), and Parcel # 122717000013.

Plaintiff may proceed with power of sale under the mortgage. The Court further decrees that within 14 days of the date of this order, the Kroskobs shall tender a quitclaim deed conveying their title to the above real property to Plaintiff; except, however, that the deed need not be tendered in the event the Kroskobs satisfy the money judgment in favor of Plaintiff.

This amendment will give Plaintiff the rights provided by the terms of the transcript.

## ATTORNEYS' FEES

12.     Plaintiff concedes that it is not entitled to any award of attorneys' fees, resolving that issue.

## INTEREST

13.     Plaintiff also concedes that it is not entitled to post-judgment interest at a rate of eight percent, nor is it entitled to prejudgment interest at 8% on the full $700,000 at issue. Plaintiff argues, however, that under C.R.S. § 5-12-102, it should receive prejudgment interest at a rate of eight percent from October 15, 2011 to March 23,

2012.  The transcript, however, reflects that payments to be made by the Kroskobs are not subject to interest.  To the contrary, the transcript states that the $700,000 was to be paid in periodic lump-sum payments of $350,000, $100,000, $100,000, $100,000 and $50,000 without interest.  If the parties intended interest to accrue on these sums, the transcript would reflect such a term.  Allowing Plaintiff to obtain prejudgment interest would be contrary to the terms set forth on the transcript.

14. The Kroskobs do not dispute that the federal interest rate of 0.2% applies to the Judgment and Decree, once final.

WHEREFORE Defendants Craig Kroskob, Lisa Kroskob, and Kroskob Farms LLC respectfully request that the Court amend its Judgment and Decree [Doc. #63] as set forth herein.

DATED:  April 11, 2012

/s/ Ross W. Pulkrabek
Ross W. Pulkrabek
Lucas T. Ritchie
Aaron D. Goldhamer
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO  80202
Telephone No.: (303) 573-1600
Facsimile No.: (303) 573-8133
Email:  rpulkrabek@joneskeller.com
        lritchie@joneskeller.com
        agoldhamer@joneskeller.com

*Attorneys for Craig D. Kroskob, Lisa D. Kroskob, and Kroskob Farms, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 11, 2012, a true and correct copy of the foregoing was filed and served by CM/ECF to the following:

Richard T. LiPuma
1635 Foxtail Drive
Loveland, CO 80538

Richard O. Campbell
William C. Brittan
Margaret Pflueger
Campbell Killin Brittan & Ray, LLC
270 St. Paul Street #200
Denver, CO 80206

              /s/ Ross W. Pulkrabek